### SMART v. UNITED STATES.
### No. 4691.

United States Court of Appeals
Tenth Circuit.
Nov. 5, 1953.

Paul Dudley, Oklahoma City, Okl. (J. B. Dudley, Oklahoma City, Okl., on the brief), for appellant.

Benjamin Forman, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., Robert E. Shelton, U. S. Atty., B. Andrew Potter, Asst. U. S. Atty., Oklahoma City, Okl., Paul A. Sweeney, Attorney, Department of Justice, and T. S. L. Perlman, Attorney, Department of Justice, on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and PICKETT, United States Circuit Judges.

HUXMAN, Circuit Judge.

This was an action under the Federal Tort Claims Act [1] for injuries sustained by appellant at the hands of one Ralph Edward Dungan, a mentally incompetent veteran, shortly after his release from a Veterans' Administration Hospital at Marion, Indiana, on a trial visit to his home. The appeal is from the judgment of the trial court entering a summary judgment of dismissal.

The complaint so far as material in substance alleged that the Government's agents and employees in charge of the hospital were negligent in releasing Dungan from custody and that such negligence was the proximate cause of appellant's injuries.

The undisputed facts are these. Dungan was admitted to the veterans' hospital as a mental patient. Under treatment his condition improved. In a few months he was quartered in an open building and allowed the freedom of the grounds. On May 2, 1951, his physicians, after a staff conference, recommended his release on a 90 day trial visit to his home. Before his release became effective, his condition changed and he became violent and was transferred from an open building to a ward. When his proposed visit was cancelled, the staff advised his parents of his relapse and that he would be unable to come home on a trial visit.

By August 8, 1951, he had improved to the extent that he was allowed ground privileges. On October 14, 1951, the veteran's father wrote, requesting his release and stating that a job would be waiting for him in Phoenix, Arizona. By reply the authorities advised that his condition had improved and that a trial visit would be arranged. The father executed and returned to the hospital a Veterans' Administration Form 2832, formalizing his request for a trial visit, assuming responsibility for the patient's care, treatment and conduct while in his custody, and agreeing to return him to the hospital at the end of the visit. Upon execution of this form, Dungan was released, given $141.23, and sent unaccompanied on a 90 day trial visit to his home in Phoenix, Arizona. While on the journey there, he stole an automobile in Oklahoma City and, while driving recklessly, injured appellant.

The liability of the Government under the Federal Tort Claims Act has been stated in many decisions and it is not necessary to set out the statute in detail here. It is sufficient to say in general that the Government will be liable for the negligent or wrongful act of its employees, if a private person would be liable for similar acts by its or his employees, with certain exceptions, among which is that the Government will not be liable for any claim based upon the exercise or performance, or the failure to exercise or perform, a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved was abused.

The pertinent regulations dealing with the duties and responsibilities of hospital authorities with respect to trial visits of mentally incompetent patients are R & PR 6159 and R & PR 6167. Regulation 6159 provides that when a request is made for the release of a psychotic patient not held under commitment he will be released, if mentally competent at the time, but if he is not mentally competent, he may be permitted a trial visit, if such is adjudged advisable. Regulation 6167(d) (1) provides that trial visits are to be encouraged. If the patient is found to be competent, he is entitled to be released. If he is not competent, then he is entitled to be released for such a visit if in the judgment of the hospital authorities it is deemed advisable. Whether such visits shall be permitted, when requested, of necessity involves the exercise of judg-

ment and discretion. Before granting the request, it is necessary for the hospital authorities to consider the patient's case and determine whether in their judgment such a visit might be beneficial to him and whether authority therefor could be granted with safety to the public.

In United States v. Gray, 10 Cir., 199 F.2d 239, we held that the determination whether a wife of a veteran was to be admitted to a hospital involved the exercise of discretion. By analogy the determination whether a veteran shall be released for a trial visit likewise involves the exercise of discretion.

Appellant contends that, assuming that the decision to release Dungan involved discretion, the Government's agents were negligent in the manner in which they carried out his release, by failing to make full disclosure of his condition to the party who was to assume control of him while out on a trial visit. The record is clear that the hospital authorities fully advised Dungan's parents as to their conclusions with respect to his condition and gave it as their opinion that he could be released safely for the trial visit. Whether the patient could be safely released and permitted to go on his way without an attendant likewise involved the exercise of discretion.

We think the judgment of the trial court and the reasons assigned therefor are correct and it is, therefore,

Affirmed.