John W. MORTON, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 12507.

United States Court of Appeals
District of Columbia Circuit.

Argued April 11, 1955.

Decided June 9, 1955.

Writ of Certiorari Denied
Feb. 27, 1956.

See 76 S.Ct. 452.

Appellant filed a brief, pro se, and his case was treated as submitted thereon.

Mr. Harold H. Greene, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., Lewis Carroll and Joseph A. Rafferty, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, WASHINGTON and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

Appellant sought judgment against the United States for $500,000 "plus all income and any other taxes," and costs and expenses of suit. The Government's motion to dismiss was granted, hence this appeal.

It was alleged that "Tom C. Clark, U. S. Attorney General on June 27, 1948 (now employed in the U. S. Supreme Court), Leonard A. Scheele, Surgeon General, U. S. Public Health Service, James V. Bennett, Director, Bureau of Prisons, [and] Donald Clemmer, General Superintendent, District of Columbia Penal Institutions" in violation of law and to appellant's damage, conspired: (1) to cause appellant to be transferred from the District jail to the United States Medical Center at Springfield, Missouri, (2) there, for a substantial period to be held without a commitment, (3) as a mental defective contrary to

**432**

fact, and (4) to deprive him of nourishing food, medical and optical service, and to subject him to other forms of mental and physical cruelty as well as to deprive him of access to and privacy of use of the mails.

██ Enough has been set forth to indicate clearly the nature of the grounds upon which appellant would rest his claims against the Government. While the United States has waived its traditional immunity under certain circumstances,[1] it has made explicitly certain that it is not to be subject to liability for claims which might be said .to be based upon the "exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."[2] Appellant, after conviction of second degree murder, was sentenced on December 17, 1943, to the custody of the Attorney General for imprisonment for the period of fifteen years to life. This court affirmed on January 22, 1945.[3] On April 19, 1948, he was ordered transferred to the Medical Center for federal prisoners at Springfield, Missouri. Provision for the care, as well as for the protection of persons convicted of offenses against the United States is a function of the Bureau of Prisons,[4] and to the extent that the allegations charge improper exercise of discretionary functions of the officers or federal agencies involved, they come squarely within the exception quoted.[5] Insofar as the complaint otherwise sounds in tort, its allegations are encompassed within the statutory exception of claims "arising out of assault, battery,

false imprisonment, false arrest . . .." and the like.[6]

The complaint was properly dismissed for failure to state a cause of action for which relief may be granted, and the judgment of the District Court is affirmed.[7]

---

1. See, e. g., 28 U.S.C. § 1346(b) (1952).

2. 28 U.S.C. § 2680(a) (1952).

3. Morton v. United States, 1945, 79 U.S. App.D.C. 329, 147 F.2d 28 certiorari denied 1945, 324 U.S. 875, 65 S.Ct. 1015, 89 L.Ed. 1428.

4. 18 U.S.C. § 4042 (1952) ; and see 18 U.S.C. §§ 4081–4082 (1952).

5. Cf. Dalehite v. United States, 1953, 346 U.S. 15, 32, 73 S.Ct. 956, 97 L.Ed. 1427; Smart v. United States, D.C.W.D.

Okl.1953, 111 F.Supp. 907, affirmed 10 Cir., 1953, 207 F.2d 841.

6. 28 U.S.C. § 2680(h) (1952). And see Duenges v. United States, D.C.S.D.N.Y. 1953, 114 F.Supp. 751; Tinkoff v. United States, 7 Cir., 1954, 211 F.2d 890, 892.

7. It may be noted that charges not unlike those alleged here were pressed in habeas corpus proceedings, previously disposed of in Missouri. Morton v. Steele, 8 Cir., 1954, 217 F.2d 13.