Catalina COLLAZO, et al.,
Plaintiffs, Appellants,

v.

UNITED STATES of America,
Defendant, Appellee.

No. 87–1928.

United States Court of Appeals,
First Circuit.

Heard May 6, 1988.

Decided June 14, 1988.

Rafael Gonzalez Velez, Santurce, P.R., with whom Carlos J. Morales Bauza, Rio Piedras, P.R., and Rafael Gonzalez Velez Law Offices, Santurce, P.R., were on brief, for plaintiffs, appellants.

Miguel A. Fernandez, Asst. U.S. Atty., with whom Daniel F. Lopez–Romo, U.S. Atty., Hato Rey, P.R., was on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, BOWNES and BREYER, Circuit Judges.

BREYER, Circuit Judge.

The wife and children of Angel Rivera brought a suit against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–80 (1982). They claimed, among other things, that personnel at the Veterans Administration hospital in San Juan negligently treated (or failed to treat) Angel Rivera and that their negligence led to his suicide. In their complaint, appellants make the following points: Angel Rivera, a veteran, received a pension based on mental disability; in April 1984, the VA told him it would cut his benefits by 50 percent; in early June, Rivera was hospitalized; soon thereafter he told his wife he wanted to die; on August 24, 1984, after treatment-staff meetings, the VA released him; three days later, he sought readmission to the hospital but was turned down; on August 28 and 29, he attended outpatient meetings; on September 1, he committed suicide.

The district court dismissed the complaint "for lack of jurisdiction." It held that § 2680(a) of the Federal Tort Claims Act bars this suit. That section says that the Act (which waives the government's sovereign immunity in certain types of suits) "shall not apply to . . .

(a) Any claim based upon [the] . . . failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the government, whether or not the discretion involved be abused."

The plaintiffs appeal. They argue that their suit asserts a simple medical malpractice claim and that such a claim can fall outside this "discretionary function" exception. We believe they are correct.

Professor Kenneth Davis well summarizes the law on this subject:

The discretionary function exception is limited to the exercise of governmental discretion and does not apply to the exercise of nongovernmental discretion such as professional or occupational discretion. The driver of a mail truck makes many discretionary decisions but they are not within the exception because they involve driving discretion, not governmental discretion. The physician at the veterans' hospital exercises professional discretion in deciding whether or not to operate; ... he combines professional discretion with governmental discretion when he decides that budgetary restrictions require nonuse of an especially expensive treatment in absence of specified conditions.

K. Davis, *Administrative Law Treatise* § 25.08 at 403–04 (Supp.1982); see cases there cited, especially *Blessing v. United States,* 447 F.Supp. 1160, 1167–86 (E.D.Pa. 1978); *see also Red Lake Band of Chippewa Indians v. United States,* 800 F.2d 1187, 1194–98 (D.C.Cir.1986).

The recent Supreme Court case of *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines),* 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984), is a good example of Professor Davis's statement of the law, for it speaks of the exception encompassing "the discretionary acts of the Government acting in its role as a regulator," *id.* at 813–14, 104 S.Ct. at 2764; it adds that the purpose of the exception is to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort," *id.* at 814, 104 S.Ct. at 2765; and it quotes legislative history supportive of this view, *id.* at 809–10, 104 S.Ct. at 2762 (The discretionary function exception is "designed to preclude application of the act to a claim based upon an alleged abuse of discretionary authority by a regulatory or licensing agency—for example, the Federal Trade Commission, the Securities and Exchange Commission, the Foreign Funds Control Office of the Treasury, or others.... On the other hand, the common law torts of employees of regulatory agencies, as well as of all other Federal agencies, would be included within the scope of the bill."). Other federal court of appeals cases draw the very line that Professor Davis mentions. In *Jackson v. Kelly,* 557 F.2d 735 (10th Cir.1977), for example, the court wrote that "medical treatment by a government doctor does not necessarily involve governmental discretion." *Id.* at 738. While there is some contrary authority, *see Abernathy v. United States,* 773 F.2d 184 (8th Cir.1985); *Smart v. United States,* 207 F.2d 841 (10th Cir.1953), we believe cases such as *Jackson* take the better view of the law. *See, e.g., Jablonski by Pahls v. United States,* 712 F.2d 391 (9th Cir.1983); *Rise v. United States,* 630 F.2d 1068 (5th Cir.1981); *see also K.W. Thompson Tool Co., Inc. v. United States,* 836 F.2d 721 (1st Cir.1988) (exception applies when government acts in its role as regulator).

As so interpreted, the "discretionary function" exemption does not bar the appellants' complaint. Although the government argues that the complaint claims that the VA was 'negligent' because it reduced Angel Rivera's benefits—a "discretionary act"—that is only *one* of appellants' claims (and one they have abandoned here). The complaint also alleges *medical* malpractice. Indeed, the pretrial order in this case says that one of plaintiffs' legal theories is that the employees at the VA hospital "failed to provide adequate care to Mr. Rivera after his disability pension was cut in half." It lists as a "contested material fact" the "negligent acts or omissions, if any, of defendant's employees at the VA hospital, which were responsible for decedent Rivera's care." And, in their motion opposing the government's motion to dismiss, appellants made clear that their claim for malpractice rests upon the VA's failure to keep Rivera hospitalized (or to readmit him). The complaint itself, while less than perfectly clear, says that the VA "failed to

provide" Angel Rivera *"with adequate protection and care* after unjustly taking away 50 percent of his disability payments." (Emphasis added.) It adds that "this negligent course of action was the proximate cause of Mr. Rivera's wrongful death," and it also says that "[i]n doing or omitting to do *all* the things alleged herein, the staff was acting within the scope of its employment." (Emphasis added.)

The district court evidently felt that the decision appellants attacked—to release Rivera and not to readmit him—rested upon administrative policy grounds. It relied in part on a federal regulation that says the VA "may" hospitalize a mentally ill veteran. 38 C.F.R. § 17.46b (1987). But nothing in the record so far suggests that the VA hospital's decisions were made on other than medical grounds. Certainly, appellants allege an improper *medical*, not an improper policy, decision. And, the authority we have cited makes clear, at the least, that where only professional, nongovernmental discretion is at issue, the "discretionary function" exception does not apply.

We express no view on the merits of appellants' case, nor do we foreclose the possibility that, when the facts are developed, it will turn out that governmental discretion is involved to the point where the discretionary function exception in fact applies. But, on the basis of the complaint and other papers filed so far, the dismissal for lack of jurisdiction, resting upon the "discretionary function" exception, must be

*Reversed.*