879 F.2d 365
 Denis LATHER, Appellant,
v.
BEADLE COUNTY, a public corporation; James Sheridan; Steve
Hofmann; Community Counseling Services, a South Dakota
corporation; Frank L. Dame, H.T. Hermann; and the United
States of America, Appellees.
 No. 88-5316.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 16, 1989.
Decided July 13, 1989.
 
 Russell H. Battey, Redfield, S.D., for appellant.
 Ronald J. Wheeler, Huron, S.D., John J. Ulrich, Sioux Falls, S.D., Glen A. Severson, Huron, S.D., for appellees.
 Before LAY, Chief Judge, WOLLMAN and MAGILL, Circuit Judges.
 LAY, Chief Judge.
 
 
 1
 This is an appeal by the plaintiff from the dismissal of the United States in a suit brought under the Federal Tort Claims Act, 28 U.S.C. Sec. 1346(b) (1982) (FTCA), and the dismissal of pendent state claims against several nonfederal defendants. We vacate the grant of the summary judgment in favor of the United States and remand the cause for trial before the district court. We further order the pendent parties dismissed for lack of jurisdiction.
 
 
 2
 In the fall of 1983, Denis Lather accepted a position as head basketball coach of Huron College located in Huron, South Dakota. He soon experienced difficulties in dealing with the pressures of this job and, on December 14, 1983, sought treatment for depression at Huron's Community Counseling Service (CCS). At that time, Dr. H.T. Hermann, a National Health Service Corporation employee, was assigned by the United States to render psychiatric services as a licensed psychologist with the Department of Health and Human Services. Dr. Hermann evaluated Lather's condition and, upon consultation with psychiatrist and CCS employee Frank L. Dame, prescribed medication to treat Lather's depression. However, Lather's condition failed to improve and actually seemed to get worse. On December 28, 1983, pursuant to an application for emergency treatment signed by CCS employee Ella Bradfield, the chairperson of the Beadle County Board of Mental Illness issued an Emergency Order of Detention. Subsequently, Beadle County Sheriff Deputies James Sheridan and Steven Hofmann transported Lather without incident to McKennan Hospital in Sioux Falls, South Dakota.
 
 
 3
 Lather was later released from McKennan Hospital and returned to Huron where he continued to receive consultation at CCS. On January 24, 1984, Lather decided to voluntarily commit himself to the Human Services Center in Yankton, South Dakota. Lather was given anti-depressant medication and arrangements were made for Deputies Sheridan and Hofmann to once again provide transportation. During the drive to Yankton, Lather suddenly opened the door of the car and, despite efforts by Sheridan and Hofmann to restrain him, jumped from the moving vehicle. Lather suffered serious injury.
 
 
 4
 This action was initially filed in state court on February 25, 1985. The federal government subsequently removed the case to federal court due to Dr. Hermann's status as a federal employee. Soon after removal, the district court dismissed the claim against Hermann on the ground that Lather had failed to exhaust the administrative remedies required under the FTCA and remanded the case to state court on July 30, 1985. On August 1, 1986, the state district court granted Beadle County's motion for dismissal based on the doctrine of sovereign immunity.[1] On August 13, 1986, Lather amended his state court complaint to include Dr. Hermann individually. Additionally, having exhausted the FTCA administrative remedies, Lather filed a separate negligence action against Hermann and the United States in federal district court on September 4, 1986. Soon after this filing, the government removed the state court action to federal court and the two cases were subsequently consolidated. Also joined in the renewed state suit was Beadle County, Sheridan, Hofmann, Dame, and CCS. The parties concede that there is no diversity of citizenship between Lather, a South Dakota citizen, and the nonfederal defendants.[2] The argument for federal jurisdiction exists solely under the FTCA.
 
 Pendent Parties
 
 5
 Prior to oral argument, the issue of pendent party jurisdiction had not been addressed by the parties and no ruling has ever been made by the district court. This issue was raised for the first time by this court at oral argument.[3] Since the time of oral argument the Supreme Court has decided Finley v. United States, --- U.S. ----, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989). In Finley, the Supreme Court held that federal jurisdiction against the United States under the FTCA is exclusive and pendent parties may not be joined. Parties to pendent state claims cannot be sued in federal court without an independent source of jurisdiction. Id. 109 S.Ct. at 2010. Therefore, the order of the district court granting summary judgment to the pendent parties is vacated. The nonfederal parties are ordered to be dismissed for lack of jurisdiction.
 
 Federal Tort Claim
 
 6
 With regard to the United States and Dr. H.T. Hermann,[4] the federal employee in this case, the district court's ruling consisted of the following statement:
 
 
 7
 The Motion to Dismiss made by H.T. Hermann will be granted. It is the view of the Court that there is no basis for personal liability against him as a result of services which he performed as a federal physician.
 
 
 8
 The Motion for Summary Judgment made by the United States will also be granted. It is the view of the Court that, viewing the evidence in a light most favorable to the plaintiff, there is no basis for the jury's finding that Mr. Hermann, Dr. Hermann, should have restrained or counseled restraint of Mr. Lather beyond the medications which he furnished.
 
 
 9
 Hearing Transcript, at 47 (June 27, 1988).
 
 
 10
 In its ruling, the trial court failed to discuss its basis for granting summary judgment. We are satisfied based on the legal issues raised on appeal that the district court should not have granted summary judgment in favor of the government.
 
 
 11
 The United States asserted in the district court that it is immune from liability based on the discretionary act exception to the FTCA. 28 U.S.C. Sec. 2680 (1982). There is no dispute among the parties that Dr. Hermann was acting within the scope of his official duties. However, this finding alone can no longer constitute a basis for immunity under the FTCA. The court must further find that the federal employee's conduct involved a discretionary function. Westfall v. Erwin, 484 U.S. --, 292, 108 S.Ct. 580, 584, 98 L.Ed.2d 619, 627 (1988).[5] The parties do dispute this issue. Lather alleges that Dr. Hermann was negligent in his evaluation of Lather's mental condition and in his consequent failure to advise the use of restraints during Lather's transportation from Huron to Yankton. The Government argues that Dr. Hermann's conduct involved the exercise of medical judgment and that under Abernathy v. United States, 773 F.2d 184 (8th Cir.1985), decisions made by a doctor which require the exercise of medical judgment are considered discretionary acts. Id. at 188. We believe that the Government has read Abernathy too broadly.[6] See United States v. Articles of Drug, 825 F.2d 1238, 1249 (8th Cir.1987) (discretionary function exception applies only where action required consideration of policy); Georgia Casualty & Sur. Co. v. United States, 823 F.2d 260, 262 (8th Cir.1987) (discretionary function exception protects governmental decisions that involve balancing of policy considerations). Indeed, it is incongruous to say that simply because a government physician exercised medical judgment, regardless of whether it related to a policy decision, he or she has exercised governmental discretion. Collazo v. United States, 850 F.2d 1, 2 (1st Cir.1988). See also Jackson v. Kelly, 557 F.2d 735, 738 (10th Cir.1977) ("medical treatment by a government doctor does not necessarily involve governmental discretion"). Where only professional, nongovernmental discretion is at issue, the discretionary function exception does not apply. Collazo, 850 F.2d at 3. It is evident that Lather has alleged an improper medical, rather than policy, decision. We therefore conclude that the second element required under Westfall, a finding that the federal employee's conduct involved the exercise of governmental discretion, does not exist in this case and the discretionary function exception to liability therefore cannot be applied at this point.
 
 
 12
 The only other possible basis for dismissal of the plaintiff's action against the United States relates to whether plaintiff has failed to make out a claim of common law negligence on the part of Dr. Hermann or whether he is barred under application of South Dakota law on comparative negligence. S.D. Codified Laws Ann. 20-9-2 (1987).
 
 
 13
 We think it clear that issues of negligence, foreseeable risk, and proximate cause are generally questions of fact to be decided by the trier of fact. Williams v. Chick, 373 F.2d 330, 332 (8th Cir.1967). Here there has been no development of the facts by the trial court concerning Dr. Hermann's knowledge of Lather's propensity for violence and his ability to control Lather's conduct. Abernathy, 773 F.2d at 189. Under these circumstances summary judgment based on the inadequacy of the negligence claims is improper. Furthermore, whether Lather's conduct should be measured under a capacity-based consideration of due care for his own safety depends on a full exploration of state law. The district court, however, has not explored this question.[7] We must therefore reverse the order granting summary judgment to the United States.
 
 
 14
 Thus, we vacate the grant of summary judgment in favor of the United States and remand to the district court for a plenary trial. We vacate the grant of summary judgment for the pendent parties and direct the district court to dismiss these parties for lack of jurisdiction.
 
 
 
 [1]
 We were informed at oral argument that this order is currently on appeal before the South Dakota Supreme Court. We have not been apprised of its outcome
 
 
 [2]
 All claims asserted against the pendent parties were dismissed by summary judgment by the district court
 
 
 [3]
 The existence of jurisdiction has apparently been taken for granted because both plaintiff and defendants desired that this case be heard in federal court
 
 
 [4]
 The United States' motion to dismiss Dr. Hermann, in his individual capacity, and substitute the United States was properly granted. 42 U.S.C. Sec. 233(a) (1982)
 
 
 [5]
 Westfall expressly overrules our earlier decision in Poolman v. Nelson, 802 F.2d 304, 307 (8th Cir.1986). See Westfall, 108 S.Ct. at 583-84 nn. 2 & 4
 We note that following the Westfall decision, Congress amended the FTCA to ensure the protection of federal employees from liability for common law torts occurring in the scope of their employment. 28 U.S.C. Sec. 2679 (1988). This amendment does not alter the elements necessary to obtain the discretionary function exception as laid out in Westfall. This change merely reinforces the exclusivity of a cause of action for these torts against the United States. H.R.Rep. No. 100-700, 100th Cong., 2d Sess., reprinted in 1988 U.S.Code Cong. & Admin. News 5945, 5947.
 
 
 [6]
 Abernathy did not relate to medical treatment or the steps taken to safeguard a medically ill patient. Abernathy instead focused on the Government's decision, made within its discretionary capacity, to commit or prosecute an individual. 773 F.2d at 187. This is not to say that Abernathy is not relevant to this case. On the contrary, in that case the court interpreted South Dakota law as recognizing that a physician has a duty to control his patient's conduct in certain circumstances. To prevail, Lather will have to demonstrate that Dr. Hermann had the actual ability to control Lather's actions and that it was reasonably foreseeable that Lather possessed a propensity for self-harm. Id. at 189
 
 
 [7]
 Many states hold that, where mentally ill persons are to be safeguarded against their own self-destruction, the patient's alleged negligence is to be subsumed under the duty of the custodian to provide safekeeping. Under this standard, if there exists foreseeable risk of the patient's potential self-destruction, then the duty to safeguard the patient exists regardless of the volitional or careless acts of the patient. See, e.g. Cowan v. Doering, 111 N.J. 451, 545 A.2d 159, 163-67 (1988); Cole v. Multnomah County, 39 Or.App. 211, 592 P.2d 221, 223 (1979). However, even if it is determined that South Dakota law holds that a mental patient may, under given circumstances, still be contributorily negligent under a reduced standard of care, it cannot be said that on the basis of the present record Lather's alleged negligence bars him from recovery as a matter of law