724 F.Supp. 863 (1989)
Marquis EZELL, Plaintiff,
v.
BURLINGTON NORTHERN RAILROAD COMPANY, a corporation, Lidstrom, Inc., a corporation, and Frank J. Bromley, Defendants.
No. C89-0076-B.
United States District Court, D. Wyoming.
November 16, 1989.
Marvin J. Johnson, Edwards & Johnson, Cheyenne, Wyo., for plaintiff.
George E. Powers, Jr., Cheyenne, Wyo., for defendant Burlington.
Richard P. Boley, Loyd Smith, Cheyenne, Wyo., for defendants Lidstrom and Bromley.

AMENDED ORDER ON MOTION TO DISMISS
BRIMMER, Chief Judge.
This matter comes before the Court on the motion to dismiss of defendants Lidstrom, Inc. ("Lidstrom") and Frank J. Bromley ("Bromley"). The Court, having considered the materials on file both in support of and in opposition to the motion, having considered the arguments of counsel, and being fully advised in the premises, FINDS and ORDERS as follows:

Background
Plaintiff Marquis Ezell was an employee of defendant Burlington Northern Railroad *864 ("Burlington"). He was the passenger of a Burlington pick-up truck when the driver of the truck made a left turn in front of a semitrailer owned by defendant Lidstrom and driven by defendant Bromley. The plaintiff was injured in the collision. Plaintiff brought suit against Burlington under the Federal Employers' Liability Act, 45 U.S.C. §§ 51 et seq. (1982) ("FELA"). Plaintiff also sued Lidstrom, a Wyoming corporation, and Bromley, a Wyoming resident, under State tort law, without alleging any grounds for jurisdiction.
Defendants Lidstrom and Bromley (hereinafter "Lidstrom") now move to dismiss the action against them pursuant to Fed.R. Civ.P. 12(b)(1), alleging that this Court does not have subject matter jurisdiction over them.

Discussion
Determination of this issue depends upon whether this Court may exercise pendent party jurisdiction over Ezell's claim against Lidstrom. In United Mine Workers of America v. Gibbs, the Supreme Court held that, where "a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). The resulting doctrine of pendent jurisdiction is well-settled in federal law. Less well-settled is the related doctrine of pendent party jurisdiction, which differs from pendent claim jurisdiction in that an entirely new party is sought to be added. In Aldinger v. Howard, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), the plaintiff sought to join a county in federal court in a civil rights action under 42 U.S.C. § 1983 (1982). The Court held that the statute clearly excluded actions against counties, and therefore refused to exercise pendent party jurisdiction. Id. at 15, 96 S.Ct. at 2420. In Owen Equip. & Erection v. Kroger, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), the Supreme Court again had occasion to address the issue of pendent party jurisdiction. In that case, involving diversity jurisdiction, the Court held that satisfaction of the "Gibbs test," that the claims arise from a common nucleus of operative fact, was not sufficient to invoke pendent party jurisdiction. "Beyond this constitutional minimum, there must be an examination of the posture in which the nonfederal claim is asserted and of the specific statute that confers jurisdiction over the federal claim...." Id. at 373, 98 S.Ct. at 2402.
The Supreme Court recently addressed the issue of pendent party jurisdiction again, this time in the context of the Federal Torts Claims Act ("FTCA"). In Finley v. United States, ___ U.S. ___, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), plaintiff brought suit in federal court against the Federal Aviation Administration under the FTCA. Plaintiff then moved to amend her complaint to include two state defendants. The Supreme Court began its analysis by noting the distinction between pendent claim and pendent party jurisdiction, saying "we will not assume that the full constitutional power has been congressionally authorized, and will not read jurisdictional statutes broadly." Id., at ___, 109 S.Ct. at 2007, 104 L.Ed.2d at 601. The Court interpreted Aldinger as a case which "made explicit" the non-transferability of Gibbs to pendent party claims, and found further support for its holding in Owen, which, the Court said, required an examination of the posture in which the nonfederal claim is asserted as well as of the specific statute that confers jurisdiction over the federal claim. Finley, at ___, 109 S.Ct. at 2008, 104 L.Ed.2d at 603.
The Finley Court went on to hold that "the most significant element of `posture' ... is precisely that the added claims involve added parties over whom no independent basis of jurisdiction exists." Id. That statement leads this Court to conclude that, except for the "narrow class of cases" mentioned by the Supreme Court and not applicable here, the "posture" element of the Gibbs test can never be satisfied in the case of pendent party jurisdiction. In the case before us, plaintiff is attempting to add parties "over whom no independent basis of jurisdiction exists." We therefore must conclude that plaintiff has failed to *865 meet the first prong of the Owen test, as interpreted in Finley.
Plaintiff relies heavily on the second prong of the Owen test, arguing that a careful analysis of the specific statutes would distinguish Finley from the case before us. It is true that the Court interpreted the jurisdictional language of the FTCA, which confers jurisdiction over "civil actions on claims against the United States", 28 U.S.C. § 1346(b) (1982), to mean "against the United States and no one else." Finley, at ___, 109 S.Ct. at 2008, 104 L.Ed. at 604. Plaintiff makes a compelling argument that the purpose of FELA is to provide a liberal remedy for the injured railroad worker. He asserts that FELA should be interpreted more broadly than the FTCA, and that in any case, FELA does not contain the restrictive language that the FTCA does. Plaintiff, however, fails to note that refusal to exercise pendent party jurisdiction would not deprive him of his remedy, as FELA provides for concurrent jurisdiction in the state and federal courts.
Plaintiff has pointed out that FELA is designed to provide workers with a remedy against the railroad. His argument is counterproductive. The Court agrees that is the purpose of the statute; it refers repeatedly and only to common carriers in interstate commerce. Section 51 states that "Every common carrier by railroad while engaging in commerce between any of the several States or Territories ... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce...." Applying the Finley analysis to this language, this Court must conclude that the jurisdictional limits defined by the statute do not permit it to exercise jurisdiction over the State claim defendants. Plaintiff does not allege that Lidstrom fits the definition of a common carrier by railroad. The language of FELA clearly restricts the jurisdiction marked out by Congress to employee actions against common carriers by railroad. Thus, plaintiff also fails the second prong of the Owen test.
Having determined that we cannot exercise jurisdiction over Lidstrom, we now turn to the question of whether this action should proceed with the parties before it, or should be dismissed pursuant to Fed.R. Civ.P. 19. That rule requires us first to apply subpart (a), to determine whether the absent parties are to be joined if feasible. Francis Oil & Gas v. Exxon Corp., 661 F.2d 873, 877 (10th Cir.1981). We find that, in the absence of Lidstrom, complete relief cannot be accorded the plaintiff. The negligence of either Lidstrom, or Bromley, or Burlington, or a combination of the three, may be found to be the cause of plaintiff's injuries. If Burlington were found in this Court to be without negligence, then defendant would be accorded no relief, and would have to renew this litigation in State court. Not only would plaintiff be deprived of relief, but Burlington would be "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations...." Fed.R.Civ.P. 19(a)(2)(ii). Although Burlington might be found to have been free of negligence in federal court, it could still be brought into State court, and subject to an inconsistent result. Thus, Lidstrom is a party to be joined if feasible under subpart (a).
We turn next to subpart (b) of the Rule. "The test is whether in equity and good conscience the action should proceed." Id. at 878. To make that determination we consider the four factors laid out in Rule 19: First, "to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties." We have already discussed the prejudice that could result to both plaintiff and Burlington if a judgment were entered in the absence of Lidstrom. Second, "the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided." While the Court cannot predict what the jury verdict might be, it can envision one in which Burlington was found free of negligence. In that case, there would be no way to limit the prejudicial effect the Court has discussed above. Third, "whether a judgment rendered in the person's absence will be adequate." A *866 judgment rendered in Lidstrom's absence could be totally inadequate. Fourth, "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." Under the concurrent jurisdiction provided by FELA, plaintiff may seek a full remedy in State court.
Upon considering these four factors, it is clear that Lidstrom and Bromley are indispensable parties, and that, in equity and good conscience, this action must be dismissed.
THEREFORE, it is
ORDERED that defendants Lidstrom and Bromley's motion to dismiss be, and hereby is, GRANTED. It is further ordered that this action be, and hereby is, DISMISSED.