Irene MEYERS, individually and in a representative capacity on behalf of the Estate of Kelly Meyers and other lawful claimants, Plaintiff–Appellant,

v.

TRINITY MEDICAL CENTER, a North Dakota medical service corporation; Kathryn Guggenheim, aka Dr. Kathryn Guggenheim; K J Keller, also known as Dr. K J Keller; St. Joseph's Hospital, a North Dakota medical service corporation; Bernard Rioux, also known as Dr. Bernard Rioux; Irwin J. Epstein, also known as Dr. Irwin J. Epstein; K.H. Lee, also known as Dr. K.H. Lee, Defendants–Appellees.

Diane Goodluck, in her capacity as an officer, agent or employee of the New Town Police Department, Defendant.

No. 91–3242.

United States Court of Appeals,
Eighth Circuit.

Submitted May 13, 1992.

Decided Jan. 14, 1993.

Robert J. Golten, Boulder, CO, argued (S. Stephen Bowling, on the brief), for plaintiff-appellant.

Lance Schreiner, Bismarck, ND, argued (Michael G. Fiergola, on the brief), for defendants-appellees.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

McMILLIAN, Circuit Judge.

Irene Meyers appeals from a final order entered in the District Court[1] for the District of North Dakota dismissing her complaint alleging malpractice and wrongful death claims against two hospitals and five doctors (hereinafter collectively referred to as medical defendants)[2] for lack of federal

---

1. The Honorable Patrick A. Conmy, Chief Judge, United States District Court for the District of North Dakota.

2. Medical defendants include Trinity Medical Center, St. Joseph's Hospital, Dr. Kathryn Gug-

genheim, Dr. K.J. Keller, Dr. Berchmans Rioux, Dr. Irwin J. Epstein, and Dr. K.H. Lee.

subject matter jurisdiction. *Meyers v. City of New Town*, No. A4–90–138, 1991 WL 474667 (D.N.D. Aug. 27, 1991) (Memorandum and Order). For the reasons discussed below, we affirm the order of the district court.

For reversal, appellant argues the district court erred in requiring an express grant of pendent party jurisdiction and in holding there was no express affirmative grant of pendent party jurisdiction in the federal question jurisdiction statute, 28 U.S.C. § 1331, or the federal civil rights statutes, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. § 1983. Appellant also contends that the district court abused its discretion in failing to assert pendent party jurisdiction over appellees, because the North Dakota statute of limitations on Meyers' claims against them has expired.

Appellant's son Kelly Meyers was arrested in the early morning of July 6, 1988, by Bureau of Indian Affairs police (assisted by the City of New Town, North Dakota, police chief). During the course of his arrest Mr. Meyers was injured and suffered what was later diagnosed as a broken neck, allegedly the result of excessive force. After being locked up in the local jail overnight, he was taken to Trinity Medical Center where he was diagnosed as a "malingerer." From there he was transferred to the psychiatric ward at St. Joseph's Hospital. Mr. Meyers remained in the psychiatric ward for almost two days until he suffered respiratory failure and was pronounced brain dead on July 8, 1988. Mr. Meyers died on July 19, 1988.

Appellant brought this action on July 3, 1990, alleging Federal Tort Claims Act and constitutional tort claims against the federal and local government defendants and state wrongful death and medical malpractice claims against the hospitals and doctors. Appellant brought suit on behalf of herself, her deceased son's estate, and in a representative capacity on behalf of other surviving heirs. The original defendants included the Bureau of Indian Affairs, the City of New Town and its police chief, and the medical defendants. The case was brought in federal district court because the claims against the Bureau of Indian Affairs were brought under the Federal Tort Claims Act (FTCA) and jurisdiction was asserted under 28 U.S.C. § 1346(b) (FTCA) and 28 U.S.C. § 1331 (federal question) over which federal courts have exclusive jurisdiction. The civil rights claims against the Bureau of Indian Affairs and the City of New Town were brought pursuant to 42 U.S.C. § 1983, and jurisdiction was asserted under 28 U.S.C. § 1343(a)(3). Diversity jurisdiction was asserted initially and incorrectly under 28 U.S.C. § 1332 over the medical defendants who were sued for malpractice and wrongful death.

The Bureau of Indian Affairs, the City of New Town, their agents and employees, reached a settlement with appellant and were dismissed from the litigation. After the settlement and dismissal of the claims against the government defendants, only state malpractice and wrongful death claims against the medical defendants remained for which there was no diversity jurisdiction. Appellant had initially asserted diversity jurisdiction over the medical defendants, but because of the 1989 change in diversity statute, there was no diversity.[3] On April 17, 1991, the medical defendants submitted a motion to dismiss the malpractice and wrongful death claims. The district court dismissed the action because it did not have subject matter jurisdiction over the medical defendants for lack of diversity and for lack of pendent party jurisdiction. This appeal followed.

Appellant argues that the district court misread and misapplied the standard set forth in *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989) (*Finley*), in determining pendent party jurisdiction. Appellant argues that the district court unnecessarily searched for an

---

**3.** Appellant was a resident of Texas at the time of the suit. Her residence and that of her son's child Kelly Dale Young (North Carolina) were thought to be determinative under the diversity statute, 28 U.S.C. § 1332. However, the statute was amended in 1989, making the residence of the decedent controlling. Kelly Meyers was a resident of the State of North Dakota, as were all the medical defendants.

explicit grant of pendent party jurisdiction, contending that *Finley* only requires a general inferred intent. We disagree with appellant's contention that *Finley* requires only an inferred Congressional intent for expanded jurisdiction and that any of the statutory bases for jurisdiction relied on by appellant grant such jurisdiction. Appellant argues there is an implied affirmative grant of pendent party jurisdiction in 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), or both.

■ The district court properly assessed pendent party jurisdiction in light of the *Finley*, which held that pendent party jurisdiction exists only where Congress has affirmatively granted such jurisdiction. 490 U.S. at 549, 109 S.Ct. at 2006. This rule applies even where the claims against the additional parties derived from a common nucleus of operative facts and are such that the plaintiff would ordinarily be expected to try all the claims in one judicial proceeding. *Id.* at 549–50, 109 S.Ct. at 2006–07.

The Eighth Circuit interpreted *Finley* in *Alumax Mill Products, Inc. v. Congress Financial Corp.*, 912 F.2d 996 (8th Cir. 1990) (*Alumax*) (Civil RICO). In *Alumax* we held that pendent party jurisdiction is available only if: (1) a substantial federal claim and the state claim derived from a common nucleus of operative facts, and (2) Congress has affirmatively granted such jurisdiction. *Id.* at 1006. Under this holding, the text of the jurisdictional statute at issue must be examined for an affirmative grant of pendent party jurisdiction. *Id.; see also Lewis v. Windsor Door Co.*, 926 F.2d 729 (8th Cir.1991) (FTCA); *Lockard v. Missouri Pacific R.R.*, 894 F.2d 299 (8th Cir.1990) (FELA); *Lather v. Beadle County*, 879 F.2d 365 (8th Cir.1989) (FTCA). "Under *Finley*, pendent party jurisdiction does not exist merely by the fact Congress has failed to negate it. Rather, pendent party jurisdiction exists only where Congress has *affirmatively granted* such jur-

isdiction." *Lockard v. Missouri Pacific R.R.*, 894 F.2d at 301 (footnote omitted, emphasis in original) *citing Finley*, 490 U.S. at 549, 109 S.Ct. at 2006.

Other courts have applied *Finley* to civil rights actions, holding that neither 42 U.S.C. § 1983 nor 28 U.S.C. § 1343(a)(3) contains an affirmative grant of pendent party jurisdiction. *See, e.g., Sarmiento v. Texas Board of Veterinary Medical Examiners*, 939 F.2d 1242, 1248 (5th Cir.1991) (42 U.S.C. § 1983 does not grant pendent party jurisdiction); *Ortega v. Schramm*, 922 F.2d 684, 691 (11th Cir.1991) (no pendent jurisdiction under 28 U.S.C. § 1343(a)(3) because the statute contains no affirmative grant of pendent party jurisdiction in cases under 42 U.S.C. § 1983); *cf. Iron Workers Mid–South Pension Fund v. Terotechnology Corp.*, 891 F.2d 548, 550–51 (5th Cir.) (ERISA did not supply a statutory grant of jurisdiction over a party; court lacked pendent party jurisdiction over state-law claims against that party) *cert. denied*, 497 U.S. 1024, 110 S.Ct. 3272, 111 L.Ed.2d 782 (1990); *Staffer v. Bouchard Transportation Co.*, 878 F.2d 638, 643 n. 5 (2d Cir.1989) (no pendent jurisdiction where there is no independent basis for federal jurisdiction over a party against whom only a state claim is asserted); *Ezell v. Burlington Northern R.R.*, 724 F.Supp. 863, 864 (D.Wyo.1989) (FELA did not authorize jurisdiction over an additional party); *Community Coffee Co. v. M/S Kriti Amethyst*, 715 F.Supp. 772, 774 (E.D.La.1989) (courts do not have jurisdiction over contribution or indemnity claims against additional parties because statute does not specifically authorize it).

■ We agree with the district court that neither the federal question statute, 28 U.S.C. § 1331, the federal civil rights statutes, 28 U.S.C. § 1343(a)(3), nor 42 U.S.C. § 1983, contains an affirmative grant of pendent party jurisdiction as required by *Finley*.[4] We agree with the district court

---

4. This case does not fall within the supplemental jurisdiction of 28 U.S.C. § 1367 because the action commenced before December 1, 1990, the effective date of the statute. Title 28 U.S.C. § 1367 provides federal district courts with sup-

plemental jurisdiction over all other claims that are so related to claims in the action within a court's original jurisdiction that they form part of the same case or controversy. Supplemental

that there was no federal jurisdiction over the state malpractice and wrongful death claims against the medical defendants.

Accordingly, we affirm the order of the district court.

---

jurisdiction includes claims that involve joinder or intervention of additional parties.