# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3303

_____

| | |
|---|---|
| Kent Mehrkens, | * |
| | * |
| Appellant, | * |
| | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Minnesota. |
| Art Blank, M.D.; Gilbert Westreich, | * |
| M.D.; Harry K. Russell, M.D.; | * |
| John Does I; Jane Roes I; C.A. Foye; | * |
| Ronald J. Henke; Charles Milbrandt; | * |
| John Does II; Jane Roes II, | * |
| | * |
| Appellees. | * |

_____

Submitted: October 17, 2008
Filed: February 25, 2009

_____

Before LOKEN, Chief Judge, BYE, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Kent Mehrkens commenced this action in Minnesota state court, and the United States removed the case to federal district court. Mehrkens filed this action against doctors and employees of the Department of Veterans Affairs ("VA officials") seeking damages under 42 U.S.C. §§ 1983 and 1985 and under the principles of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Mehrkens alleged that it was beyond the scope of the VA officials'[1] employment to lie to him and others about his Post-Traumatic Stress Disorder (PTSD) and to withhold treatment from him. According to Mehrkens, these VA officials "interfered with and deprived" him "of his rights to medical care and other veterans' benefits." He also alleged that they "knowingly and intentionally conspired . . . to misrepresent the facts and diagnoses from him and deny him his equal rights and privileges to medical care and veterans' benefits" and "induced others" to "withhold from [Mehrkens] his rights to treatment and veterans' benefits." Finally, Mehrkens alleged that the VA officials violated his due-process rights by withholding information from him about his diagnosis of PTSD and preventing him from obtaining proper treatment for that condition. The district court[2] concluded that it lacked subject matter jurisdiction, granted the VA officials' motion for summary judgment, and dismissed Mehrkens's claims without prejudice. Because we agree that the district court lacked subject matter jurisdiction, we affirm.

## I. *Background*
### A. *Facts*

Kent Mehrkens, a Vietnam War veteran, sought treatment from the Minneapolis VA Medical Center after experiencing "a loss of conscious control of his actions." Mehrkens alleges that physicians at the VA had diagnosed him with PTSD, but intentionally withheld this information from him and failed to provide treatment for this condition.

---

[1]Specifically, Mehrkens filed suit against Art Blank, M.D., Gilbert Westreich, M.D., Harry K. Russell, M.D., John Does I and Jane Roes I, C.A. Foye, Ronald J. Henke, John Does II and Jane Roes II, and Charles Milbrandt.

[2]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

In 1992, Mehrkens filed a claim for military service-connected PTSD with the VA Regional Office. Later that year, the VA denied his PTSD claim because "the diagnosis of PTSD was not supported by the details of any service-connected stressor" and the medical evidence did not show symptoms of PTSD. In 1993, he reopened his claim, but the VA denied his claim in 1994, citing no diagnosis of PTSD and stating that the evidence in the record did not show symptoms of PTSD. The Disabled American Veterans organization filed a claim on Mehrkens's behalf in 1999. The VA denied this claim as well because the diagnosis of PTSD was not supported by any symptoms and also finding that there was no evidence of a specific combat stressor. In 2001, Mehrkens moved to reopen his claim, but the VA later ruled that there was no new and material evidence to justify reopening his case. In 2003, Mehrkens filed a Notice of Disagreement with the decision. Upon review, the VA reversed its prior decisions and granted VA benefits to Mehrkens for PTSD, retroactive to 1992. That same year Mehrkens was issued two payments for retroactive benefits totaling $216,246. Mehrkens currently receives $2,610 monthly in benefits payments.

B. *Procedural History*

In 2004, after being granted his retroactive payments, Mehrkens filed a claim with the VA under the Federal Tort Claims Act for medical malpractice and negligence. In 2005, he filed the current action in Minnesota state court, but the United States removed the case to federal court. Mehrkens alleged that because the VA doctors lied to him about his diagnosis and withheld treatment from him, they "deprived him of his rights to medical care and other veterans' benefits." Mehrkens sought damages under 42 U.S.C. § 1983 and under the principles of *Bivens*. He also sought damages under 42 U.S.C. § 1985, alleging that the VA officials "knowingly and intentionally conspired" to misrepresent his treatment and "withheld treatment and benefits." Finally, he alleged that VA officials violated his due-process rights by withholding information about his diagnosis and preventing him from obtaining proper treatment. He asserts that this violation "deprived him of his rights to medical care and other veterans' benefits." Mehrkens insists that he is not attempting to

relitigate his benefits case. According to Mehrkens, he seeks damages only for the VA officials' alleged misrepresentations about his PTSD and the alleged conspiracy to withhold information from him about his condition. Their acts, he contends, prevented him from obtaining proper medical treatment outside the VA.

The district court found that because the Veterans' Judicial Review Act of 1988 (VJRA), 38 U.S.C. § 511(a), created an exclusive review procedure for veterans to resolve their disputes, it lacked jurisdiction over Mehrkens's claims, despite Mehrkens's contention that they sounded in constitutional and tort law. The district court found that because Mehrkens was essentially challenging a decision affecting his benefits by bringing a constitutional claim, the district court's jurisdiction was preempted by the VJRA. *See generally Hicks v. Veterans Admin.*, 961 F.2d 1367, 1369 (8th Cir. 1992) (holding that a First Amendment challenge to a denial of benefits was beyond the reach of federal court jurisdiction). The district court found that because Mehrkens sought review of the VA's actions taken in connection with his claim for benefits, this effectively amounted to a challenge to the underlying benefits decision. *Weaver v. United States*, 98 F.3d 518, 519–20 (10th Cir. 1996) (holding that claims for veteran disability benefits are unreviewable in federal courts).

The district court also denied Mehrkens's *Bivens* claim, finding that because Congress had set up an elaborate remedial scheme regarding VA benefits, the *Bivens* action could not lie. *Bush v. Lucas*, 462 U.S. 367, 388–89 (1983) (holding that an elaborate remedial system prevented a NASA employee from bringing a *Bivens* action based on a First Amendment violation against a NASA director); *see also Schweiker v. Chilicky*, 487 U.S. 412, 428–29 (1988) (holding that Social Security recipients did not have a private right of action against federal administrators because Congress set up other remedies). In short, because Congress provided an exclusive review procedure, it has indicated that the federal courts should not exercise jurisdiction over VJRA claims. *Sugrue v. Derwinski*, 26 F.3d 8, 12 (2d Cir. 1994) (declining to imply

a *Bivens* remedy against VA employees arising from denial of benefits); *accord Zuspann v. Brown*, 60 F.3d 1156, 1161 (5th Cir. 1995).

Based on these principles of law, the district court concluded that it lacked subject matter jurisdiction, granted the VA officials' motion for summary judgment, and dismissed Mehrkens's case without prejudice.

## II. *Discussion*

On appeal, Mehrkens asks this court to reverse the lower court's summary judgment disposition, arguing that VA officials interfered with his constitutional right to seek medical treatment and that the district court has jurisdiction to hear this constitutional claim. Moreover, he argues that the district court did not properly address his §§ 1983 and 1985 claims. We affirm.

## A. *Standard of Review*

We review a grant of summary judgment de novo, applying the same standard as the district court. *Henerey v. City of St. Charles, Sch. Dist.*, 200 F.3d 1128, 1131 (8th Cir. 1999). Summary judgment should be granted if the evidence, viewed in the light most favorable to the nonmoving party, indicates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Id.*; Fed. R. Civ. P. 56(c). A party opposing summary judgment may not rest upon mere allegations or denials contained in the pleadings, but must, by sworn affidavits and other evidence, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e).

## B. *Subject Matter Jurisdiction*

Mehrkens alleges that the VA officials interfered with his right to get private medical care by misrepresenting his condition. Mehrkens argues that he should be allowed to seek redress in federal court because the VA officials' misrepresentations violated his federal constitutional rights. Mehrkens further contends that if the VJRA

is his exclusive remedy then he is left without a remedy because the VJRA does not give the VA jurisdiction to grant damages for withholding of treatment. We hold that the VJRA is Mehrkens's exclusive remedy and affirm.

### 1. *VJRA*

In 1988, Congress enacted the VJRA[3] to establish a framework for the adjudication of veterans' benefits claims. The process begins with the veteran filing a claim for benefits with a regional office of the Department of Veterans Affairs and includes several levels of appeal. The regional office decides all questions of law and fact as they relate to the claim. 38 U.S.C. § 511(a). If aggrieved, the claimant may then appeal to the Board of Veterans' Appeals (BVA). 38 U.S.C. § 7104. BVA decisions may be appealed to the Court of Appeals for Veterans Claims, to which Congress vested exclusive jurisdiction to review BVA decisions. 38 U.S.C. § 7252(a). Claimants may appeal unsatisfactory decisions of the Court of Appeals for Veterans Claims to the Federal Circuit, which has exclusive appellate jurisdiction over such matters. 38 U.S.C. § 7292. Finally, a claimant may appeal to the Supreme Court. 38 U.S.C. § 7291.

### 2. *Bivens and its Progeny*

In *Bivens*, the Supreme Court established a right of individuals to sue individual federal agents for damages for unconstitutional conduct in violation of the Fourth Amendment. *Bivens*, 403 U.S. at 389. The Court later extended this holding to encompass violations of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228, 248–49 (1979), and the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14, 32–33 (1980).

---

[3]The VJRA can be found in various sections of Title 38 of the United States Code.

Later, in *Bush v. Lucas*, the Supreme Court held that a *Bivens* claim could not lie for a First Amendment violation by a Civil Service Commission supervisor. 462 U.S. 367, 368 (1983). The *Bush* Court assumed that a federal right had, in fact, been violated and that the petitioner did not have an adequate remedy apart from a *Bivens* action. *Id*. at 373. But the Court noted that constitutional challenges are fully cognizable under Congress's elaborate Civil Service Commission scheme. *Id*. at 386. The Court stressed that the fact that the wrong would otherwise go unredressed was irrelevant. *Id*. at 388. The real question was whether Congress had set up a plan after careful attention to conflicting policy considerations. *Id*. If Congress had set up such an elaborate scheme in a particular area, then courts should not augment that scheme by creating a *Bivens* remedy. *Id*. Because Congress could better evaluate the impact of a *Bivens* remedy, the Court declined to exercise jurisdiction. *Id.* at 389–90. That same year, in *Chappell v. Wallace*, the Court declined to extend *Bivens* to military personnel seeking damages for constitutional violations. 462 U.S. 296, 297 (1983). Because Congress had plenary control over the military and had not provided for damages remedies in this context, the Court would not encroach upon Congress's authority and judicially create a new remedy. *Id*. at 301, 307. Finally, in *Schweiker v. Chilicky*, the Supreme Court refused to judicially create a due-process violation remedy for the denial of Social Security disability benefits because Congress had set up a complex remedial scheme in the Social Security area but had not created a *Bivens* remedy. 487 U.S. 412, 414 (1988); *see also United States v. Stanley*, 483 U.S. 669, 684 (1987) (refusing to create a *Bivens* remedy for a due-process violation by a military superior for fear that liability would be increased by a judicially-created remedy).

In the instant case, Mehrkens attempts to bring a *Bivens* action against VA officials for alleged constitutional violations committed while handling his benefits claim. We note the Supreme Court has applied *Bivens* sparingly outside of the Fourth Amendment context and never in the context of a complex statutory remedial scheme. We decline to create a *Bivens* remedy in this case. *See Bush*, 462 U.S. at 389–90.

Congress has preempted the field for veterans' benefits and set up an elaborate remedial scheme and, therefore, that body is better suited to augment that scheme with new remedies. *See Schweiker*, 487 U.S. at 414. Considering Congress's careful structuring of the VJRA, we will not assume that Congress inadvertently failed to provide *Bivens*-type relief. *See supra* Part II.B.1.

Furthermore, Mehrkens is bringing a claim only for a *delay* of benefits. Had he been granted benefits in 1992 instead of 2004, he would not have brought the current action. In this case, there is no meaningful legal difference between a *delay* of benefits and an outright *denial* of benefits. In either case, Congress has charged the VJRA with exclusive jurisdiction. *See* 38 U.S.C. §§ 511(a)–7292. This holding aligns us with our sister circuits who have addressed similar issues. *See Beamon v. Brown*, 125 F.3d 965, 966 (6th Cir. 1997) (refusing constitutional challenge for delays in veterans claims in federal court system)*; Weaver v. United States*, 98 F.3d 518, 519–20 (10th Cir. 1996) (refusing jurisdiction where claimant brought a conspiracy and fraud challenge because VA employees allegedly concealed his medical records); *Hicks v. Small*, 69 F.3d 967, 969–70 (9th Cir. 1995) (refusing to allow a *Bivens* action due to the VJRA's comprehensive, remedial structure); *Zuspann v. Brown*, 60 F.3d 1156, 1159–60 (5th Cir. 1995) (refusing to grant a *Bivens* remedy for constitutional violations because Congress had set up an elaborate remedial structure through the VJRA and because appellant was merely "complaining about a denial of benefits"); *Sugrue v. Derwinski*, 26 F.3d 8, 10 (2d Cir. 1994) (refusing to recognize a *Bivens* action for alleged due-process violations for failure of VA doctors to maintain medical records with accuracy and completeness). Because we lack subject matter jurisdiction, Mehrkens's claim is denied.

## C. *Sections 1983 and 1985 Claims*

Mehrkens also argues that his case should be remanded so the district court may expressly rule on his §§ 1983 and 1985 claims. Because these claims are without merit, we decline to remand.

Sections 1983 and 1985 both regulate officials acting under color of any statute of any "*State or Territory.*" 42 U.S.C. §§ 1983 and 1985 (emphasis added). Because the VJRA was enacted under *federal* law, §§ 1983 and 1985 do not apply. *See supra* Part II.B.1. Therefore, a remand to the district court for an express finding in this regard is unnecessary because it amounts to harmless error. *See generally United States v. Baker*, 491 F.3d 421, 424 (8th Cir. 2007) (refusing remand for harmless error committed by the district court).

## III. *Conclusion*

Accordingly, we affirm the order of the district court.

_____