NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 10, 2009[*]
Decided December 11, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-2162

| | |
|---|---|
| WILLIAM CLIFTON LEWIS, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 09-C-330 |
| D.C. NORTON, *Defendant-Appellee*. | William C. Griesbach, *Judge*. |

**O R D E R**

Wisconsin prisoner William Lewis, proceeding pro se, sued D.C. Norton, an official with the U.S. Department of Veterans Affairs, challenging the agency's reduction of his service-connected disability benefits and its recoupment of benefits paid to him during his incarceration. The district court dismissed the complaint for lack of subject-matter jurisdiction. We affirm.

---

[*] Defendant-appellee was not served with process in the district court and has elected not to file a brief on appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. FED. R. APP. P. 34(a)(2).

In 2008, the VA reduced Lewis's veterans' benefits pursuant to 38 C.F.R. § 3.665(c)(3), which reduces by one-half the benefits paid to any veteran who was incarcerated in October 1987 and remained incarcerated after December 2001. The agency also sought to recoup $4,606.87 in overpaid benefits that Lewis received between 2002 and 2008—a period when his benefits should have been reduced under the regulation. Lewis, who has been incarcerated since 1971, complained to the regional VA office that the agency wrongly reduced his future benefits and recouped the overpaid benefits "in an ex post facto fashion." The VA, however, found the agency's actions proper. Lewis then sued a manager at the VA's Milwaukee Service Center, claiming that the VA's use of § 3.665 to reduce his benefits violated the Ex Post Facto Clause of the Constitution. The district court screened the complaint under 28 U.S.C. § 1915A and dismissed it for lack of subject-matter jurisdiction, concluding that Lewis's claim was subject to review only through the jurisdictional scheme established in the Veterans' Judicial Review Act of 1988 ("VJRA").

On appeal Lewis reiterates the allegations in his complaint and argues that the district court abused its discretion in dismissing his suit for lack of subject-matter jurisdiction. He contends that the district court's interpretation of the VJRA deprived him of "the fundamental right of access to courts."

The VJRA establishes a framework for the adjudication of veterans' benefits claims. A veteran must first file a claim for benefits at a regional VA office that decides all questions of law and fact as they relate to the claim. 38 U.S.C. § 511(a). Veterans may appeal unfavorable benefits decisions to the Board of Veterans' Appeals, *id.* § 7104(a), then to the Court of Appeals for Veterans Claims, *id.* § 7252(a), then to the Federal Circuit, *id.* § 7292(c), and finally to the Supreme Court, *id.* § 7291. *See also Mehrkens v. Blank*, 556 F.3d 865, 869 (8th Cir. 2009); *United States v. Roberts*, 534 F.3d 560 n.3 (7th Cir. 2008). The VJRA's jurisdictional scheme precludes district courts from reviewing challenges to individual benefits decisions such as denials or delays of benefits. *See Mehrkens*, 556 F.3d at 870; *Price v. United States*, 228 F.3d 420, 422 (D.C. Cir. 2000); *Beamon v. Brown*, 125 F.3d 965, 974 (6th Cir. 1997); *Marozsan v. United States*, 90 F.3d 1284, 1287 (7th Cir. 1996); *Hall v. U.S. Dep't of Veterans Affairs*, 85 F.3d 532, 534-35 (11th Cir. 1996); *Zuspann v. Brown*, 60 F.3d 1156, 1159-60 (5th Cir. 1995).

Where subject-matter jurisdiction is in dispute, "we look beyond the four corners of the complaint to discern the *actual injury* claimed by the plaintiff." *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008). A plaintiff may not circumvent the VJRA's jurisdictional limitations by cloaking a benefits claim in constitutional terms. *See Czerkies v. U.S. Dep't of Labor*, 73 F.3d 1435, 1439 (7th Cir. 1996) (en banc); *Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994). Here, despite Lewis's attempts to couch his complaint in constitutional terms, his actual injury arises from the VA's decision to reduce his benefits and recoup overpaid benefits. Under the VJRA's jurisdictional framework, Lewis's only option was to appeal the

VA's decision to the Board of Veterans' Appeals; he could then appeal to the Court of Appeals for Veterans Claims and if necessary the Federal Circuit. *See* 38 U.S.C. §§ 511(a), 7252(a), 7292(c).

AFFIRMED.