**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1276**

ARTHUR LEE HAIRSTON, SR.

        Plaintiff – Appellant,

     v.

DVA, Regional VA Office Martinsburg; CLAIMS INTAKE CENTER, Philadelphia
Pension Center

        Defendants – Appellees.

Appeal from the United States District Court for the Northern District of West Virginia, at
Martinsburg. Gina M. Groh, Chief District Judge. (3:19-cv-00016-GMG)

Argued: December 8, 2020                    Decided: January 21, 2021

Before DIAZ, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished opinion. Judge Harris wrote the opinion, in which Judge Diaz
and Judge Thacker joined.

**ARGUED:** Gabriele Wohl, BOWLES RICE, LLP, Charleston, West Virginia, for
Appellant. McKaye Lea Neumeister, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Appellees. **ON BRIEF:** Jeffrey Bossert Clark, Acting Assistant
Attorney General, Charles W. Scarborough, Civil Division, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C.; William J. Powell, United States
Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West
Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PAMELA HARRIS, Circuit Judge:

Arthur Lee Hairston, Sr. filed a pro se complaint before the district court, alleging discrimination in connection with his request for veterans' benefits from the Department of Veterans Affairs ("VA"). According to Hairston, VA representatives twice discriminated against him by improperly failing to instruct him on how to apply for benefits. The district court dismissed Hairston's complaint, treating it as a claim under Title VII and finding that Hairston had failed to exhaust his administrative remedies.

We agree with Hairston – as does the government – that the district court erred in construing Hairston's complaint as raising a Title VII claim and holding it to Title VII's exhaustion requirements. We nevertheless affirm the district court's dismissal on a different ground: Hairston seeks a determination of his eligibility for veterans' benefits, and the Veterans' Judicial Review Act divests the district court of jurisdiction to grant that relief.

## I.

On February 7, 2019, Hairston filed a pro se civil complaint in the Northern District of West Virginia. In his complaint, Hairston alleged that he was discriminated against twice while trying to apply for veterans' benefits, when VA employees failed to provide him, in a timely manner, with accurate information about the application process. The caption of the complaint characterized his suit as a "Civil Suit 28 U.S.C. 1331," referring to the statute that generally gives the district courts jurisdiction over questions of federal law. J.A. 4. But the caption also included the label "Title VII Discrimination." *Id.*

3

According to Hairston's complaint, he first contacted the VA about applying for benefits on August 15, 2018. He was instructed to submit a statement in support of his claim, which he did the same day. But both in this initial contact in August 2018 and again in a subsequent call in October 2018, Hairston alleges, VA representatives discriminated against him by failing to inform him that he needed to submit an application and supporting documents along with his statement.[1] It was not until December 31, 2018, that Hairston finally was told to submit an application. As a result of this delay, Hairston claims, his benefits did not start until August 2019. Accordingly, Hairston's complaint seeks relief in the form of the benefits to which he would have been entitled from August 2018 to August 2019, had he been properly instructed on how to file an application when he first contacted the VA.

Along with his complaint, Hairston filed a motion for leave to proceed *in forma pauperis*, and the district court referred both to a magistrate judge. The magistrate judge construed the complaint as an attempt to raise a Title VII claim, relying on Hairston's reference to Title VII in the complaint's caption. It followed, the magistrate judge found, that the district court lacked jurisdiction over the claim, because the complaint did not indicate that Hairston had "exhausted his remedies through the Equal Employment Opportunity Commission." J.A. 14. In the alternative, the magistrate judge concluded,

---

[1] The VA is statutorily required to furnish individuals seeking to apply for benefits with "all instructions and forms necessary to apply," 38 U.S.C. § 5102(a), including "the appropriate application form," 38 C.F.R. § 3.150(a). It must also notify claimants with incomplete applications "of the information necessary to complete the application." 38 U.S.C. § 5102(b); *see also* 38 C.F.R. § 3.159(b)(2).

Hairston had failed to state a claim under Title VII, given that he had not described any employment relationship between the parties.

Hairston timely objected to the magistrate judge's report and recommendation, asserting that the district court had federal question jurisdiction under 28 U.S.C. § 1331 and that his reference to Title VII was an "inadvertent mistake." J.A. 18. On March 6, 2019, the district court adopted the report and recommendation. Notwithstanding Hairston's clarification regarding Title VII, the district court, like the magistrate judge, treated the complaint as raising a Title VII claim. And because Hairston had not indicated that he had exhausted his administrative remedies, the district court held, it had no subject-matter jurisdiction over that Title VII claim.[2] Echoing the magistrate, the district court also held, in the alternative, that Hairston had failed to allege any of the elements of a Title VII claim, including an employment relationship. Accordingly, the district court *sua sponte* dismissed Hairston's complaint, and denied as moot his motion to proceed *in forma pauperis*.

Hairston timely appealed the district court's order. In his informal pro se brief, he again clarified that he was not raising a Title VII claim and that he had listed that statute only "in error" in the caption of his complaint. Appellant's Informal Br. 2.

---

[2] After the district court issued its decision, the Supreme Court held in *Fort Bend County v. Davis*, 139 S. Ct. 1843 (2019), that Title VII's exhaustion requirement is a non-jurisdictional claims-processing rule, which may be forfeited if it is not timely raised by a defendant. *Id.* at 1849–52. Even assuming, in other words, that Hairston was raising a Title VII claim, any failure to allege exhaustion would not deprive the district court of jurisdiction under the Supreme Court's most recent guidance. Because we decide this case on different grounds, we need not address this issue further.

## II.

## A.

On appeal, both Hairston and the government contend that the district court erred in construing Hairston's complaint as one brought under Title VII and thus subject to Title VII's exhaustion requirements. We review a district court's dismissal for lack of subject matter jurisdiction de novo, *Campbell v. McCarthy*, 952 F.3d 193, 202 (4th Cir. 2020), and we agree with the parties.

It is well-established that pro se complaints are to be construed liberally, interpreted to "raise the strongest arguments that they suggest." *Martin v. Duffy*, 977 F.3d 294, 298 (4th Cir. 2020) (internal quotation marks omitted); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Read generously, what Hairston's complaint alleges is that VA employees discriminated against him when they failed to timely and properly advise him on the process for seeking benefits. But both the magistrate judge and the district court treated the complaint as arising under Title VII, which addresses discrimination only in *employment* – while also recognizing, in their alternative holdings, that Hairston in fact had not alleged any employment discrimination or even an employment relationship. And they did so despite the fact that this construction subjected Hairston's claim to an exhaustion requirement that his complaint did not address, effectively guaranteeing a quick dismissal. That does not qualify as a "liberal" construction of a pro se complaint.

The magistrate judge treated Hairston's complaint as a Title VII claim because the complaint's caption lists "Title VII Discrimination" along with "Civil Suit 28 U.S.C.

6

§ 1331." J.A. 4. But that elevates form over substance, and we have cautioned against doing precisely that in construing pro se complaints. *See Caldwell v. U.S. Dep't of Educ.*, 816 F. App'x 841, 842 (4th Cir. 2020) (per curiam) ("[I]t is the substance of [pro se] pleadings, rather than their labels, that is determinative."); *see also Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000) (per curiam) ("[F]ederal courts must look beyond the labels of motions filed by pro se inmates to interpret them under whatever statute would provide relief.").

And even if there had been any doubt when the magistrate judge initially reviewed the complaint, it should have been resolved by Hairston's objections to the report and recommendation, clarifying that his reference to Title VII had been an "inadvertent mistake." J.A. 18. A district court is required to conduct a de novo review "of those portions of the [magistrate judge's] report . . . to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis omitted) (quoting 28 U.S.C. § 636(b)(1)). Hairston's objection was sufficiently specific to "alert the district court" of his argument that the magistrate judge had erred in reading his complaint as alleging a Title VII violation. *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (internal quotation marks omitted). Nevertheless, the district court, without discussion, simply carried forward the magistrate judge's reliance on a stray label in Hairston's pro se complaint, since disavowed by Hairston.

Liberally and properly construed, Hairston's complaint was not brought under Title VII, which means that Hairston was not required to allege administrative exhaustion or the

7

elements of a Title VII claim.  The district court thus erred in dismissing Hairston's complaint on those grounds.

**B.**

The government argues on appeal that we should affirm the district court's dismissal for a different reason:  Federal district court review of benefits determinations by the VA is precluded by the Veterans' Judicial Review Act ("VJRA"), Pub. L. No. 100-687, 102 Stat. 4105 (1988).  Because Hairston's complaint effectively seeks review of the VA's failure to provide benefits for the one-year period during which his application allegedly was delayed, the government contends, the district court lacked jurisdiction over his claim. We agree.

Through the VJRA, Congress enacted a specialized review process for the adjudication of veterans' benefits claims.  The Secretary of the VA, as mandated by statute, decides "all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans."  38 U.S.C. § 511(a). Subject to some exceptions not relevant here, *see id.* § 511(b), such decisions by the Secretary may only be reviewed on appeal by the Board of Veterans' Appeals, a VA administrative body, *id.* § 7104(a), and then by the United States Court of Appeals for Veterans Claims, an Article I court with "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals," *id.* § 7252(a).  Decisions by the Court of Appeals for Veterans Claims may be appealed only to the Federal Circuit.  *Id.* § 7292(a), (c).

Congress made clear that this specialized review process is also an exclusive one. Beyond this narrow route, federal courts generally are barred from hearing challenges to

8

benefits determinations. The Secretary's decisions on "all questions of law and fact" relevant to "the provision of benefits" are "final and conclusive and may not be reviewed by any other official or by any court" beyond the statutorily prescribed appeals process. *Id.* § 511(a). The upshot, as we have explained, is that federal district courts lack jurisdiction to review VA decisions that "affect the provision of the benefits awarded by the VA." *Butler v. United States*, 702 F.3d 749, 753 (4th Cir. 2012) (citation omitted).

We need not explore the outer bounds of that limit on district court jurisdiction to resolve this case. It is clear – and we do not understand Hairston to dispute – that at a minimum, § 511(a) bars review of an individual benefits determination by the VA. *See, e.g.*, *id.*; *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1023 (9th Cir. 2012).[3] And although Hairston argues otherwise on appeal, that is what he seeks in his complaint. The gist of Hairston's complaint, read liberally and fairly understood, is that discrimination by VA representatives delayed the completion of his application for benefits and led to an improper determination that his benefits would not start until August 2019. And the specific relief he seeks – in both his pro se complaint and his counseled brief on appeal – is that he be awarded benefits for the period from August 2018 to August 2019, during which he alleges he would have been receiving benefits but for the VA's discriminatory

---

[3] In *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, a divided panel of the Ninth Circuit held that § 511(a) also would preclude review of whether the VA "acted properly in handling" the benefits requests of a class of veterans, even apart from any individual claim that benefits were wrongly denied or calculated. *Id.* at 1025. We need not pass on that reading of § 511(a) in this case nor decide whether, as the government suggests, it also would bar district court review of Hairston's claims.

actions. *See* J.A. 5 (complaint) ("[P]laintiff seeks the benefits entitled from August 2018 to present . . . ."); Appellant's Br. 4 ("Appellant asks that he be deemed eligible for benefits from August 2018 to August 2019.").

Hairston's requested relief would require the district court to determine his eligibility for pension benefits. Because this would entail deciding questions "necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans," 38 U.S.C. § 511(a), the VJRA divests the district court of jurisdiction to grant such relief. Similarly, Hairston's challenge to the delay in granting his benefits would require the district court to determine whether the VA properly set the August 2019 start date for benefits – a decision likewise outside the district court's jurisdiction. *See Veterans for Common Sense*, 678 F.3d at 1026 (observing that VJRA "undoubtedly would deprive [the court] of jurisdiction to consider an individual veteran's claim that the VA unreasonably delayed" the start of benefits); *Mehrkens v. Blank*, 556 F.3d 865, 870 (8th Cir. 2009) ("[T]here is no meaningful legal difference between a *delay* of benefits and an outright *denial* of benefits. In either case, Congress has charged the VJRA with exclusive jurisdiction.").

Because Hairston's discrimination claims ask the district court to recognize his entitlement to benefits and review the VA's determination of the appropriate start date for those benefits, they fall within the scope of § 511(a) and cannot be heard in district court. That does not mean that Hairston is without remedy for his alleged injuries; the VJRA provides its own review scheme for benefits determinations, and Hairston in fact is pursuing an appeal within that review mechanism. *See Hairston v. Wilkie*, No. 20-4692

(Vet. App. docketed June 29, 2020), https://go.usa.gov/xGkFg.  But the district court lacked jurisdiction to consider Hairston's claims, and for that reason, we affirm its dismissal of Hairston's complaint.

### III.

For the reasons given above, we affirm the district court's dismissal of Hairston's complaint for lack of subject matter jurisdiction on alternate grounds.

*AFFIRMED*