Francisca **ROMAN CANCEL,**
**et al., Plaintiffs,**

v.

**UNITED STATES of America,**
**Defendant.**

**Civil No. 07–1275 (JAG).**

United States District Court,
D. Puerto Rico.

Aug. 4, 2008.

---

Juan Jose Nolla–Acosta, Urb. Valle de Andalucia, Ponce, PR, Nicolas Nogueras–Cartagena, Julio Cesar Alejandro–Serrano, Nicolas Nogueras Law Offices, San Juan, PR, for Plaintiffs.

Ginette L. Milanes, United States Attorneys Office, District of Puerto Rico, San Juan, PR, for Defendant.

## OPINION AND ORDER

JAY A. GARCIA–GREGORY, District Judge.

Plaintiffs Nelson Cortes Castillo ("Cortes") and Francisca Roman Cancel ("Roman") (collectively "plaintiffs") filed suit against the United States of America ("defendant") under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680. Plaintiffs' complaint alleges that the Department of Veteran Administration's ("VA") negligent reduction of Cortes's disability benefits caused them mental suffering and property loss. Pending before the court is defendant's motion to dismiss (Docket No. 11) for lack of subject matter jurisdiction submitted pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1] After reviewing the parties' submissions and applicable law, the court **DENIES** the motion to dismiss (Docket No. 11).

## I. Factual and Procedural Background

Cortes served in the United States Army during the Vietnam War. In 1970, the VA assigned him a 100% disability rating in connection with his schizophrenia, a condition attributed to his service in the Vietnam War. The VA later reduced the percentage to 70%, effective October 1, 1975. The reduction in Cortes's disability

---

1. Defendant's motion also invokes Rule 12(b)(6) which permits dismissal for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Defendant's two primary arguments, however, attack the court's subject matter jurisdiction and are properly analyzed under Rule 12(b)(1). To the extent defendant raises a sufficiency challenge under Rule 12(b)(6), defendants fails to amply develop the argument to warrant discussion by the court. *See United States v.* *Zannino,* 895 F.2d 1, 17 (1st Cir.1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.... Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." (internal quotation marks)).

percentage subsequently reduced his benefits.

Cortes challenged the reduction through the VA's administrative review process. On October 14, 2004, the Board of Veterans Appeals ("BVA") issued an opinion recognizing a lack of medical justification for reducing Cortes's disability percentage and benefits. The BVA held that the 1975 reduction contained a clear and unmistakable error ("CUE"). Consequently, the BVA retroactively restored Cortes's disability rating to 100% and paid him the corresponding retroactive monetary benefits.

On October 7, 2005, plaintiffs filed a civil action in this court seeking FTCA damages for the VA's allegedly negligent reduction of Cortes's benefits. The court dismissed plaintiffs' complaint without prejudice due to plaintiffs' failure to exhaust administrative remedies. *See Cortes v. Veterans Admin.,* 433 F.Supp.2d 221, 224 (D.P.R.2006).

Plaintiffs then filed administrative tort claims with the VA seeking damages in connection with the benefits reduction. The VA took no action on the claims within the six-month period required by the FTCA. Plaintiffs then filed the instant FTCA action. They allege that defendant negligently reduced Cortes's benefits and that the negligent reduction caused them mental suffering and property loss.

## II. Standard of Review

Under Rule 12(b)(1), a defendant may move to dismiss an action for lack of federal subject matter jurisdiction. *See* Fed. R.Civ.P.12(b)(1). Because federal courts have limited jurisdiction, the court never presumes jurisdiction. *Viqueira v. First Bank,* 140 F.3d 12, 16 (1st Cir.1998). The party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. *See Murphy v. United States,* 45 F.3d 520, 522 (1st Cir.1995) (cit-

ing *Taber Partners, I v. Merit Builders, Inc.,* 987 F.2d 57, 60 (1st Cir.1993), *cert. denied,* 510 U.S. 823, 114 S.Ct. 82, 126 L.Ed.2d 50 (1993)). In assessing a motion to dismiss for lack of subject matter jurisdiction, the court "must construe the complaint liberally, treating all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiffs." *Viqueira,* 140 F.3d at 16 (citing *Royal v. Leading Edge Prods., Inc.,* 833 F.2d 1, 1 (1st Cir.1987)). Additionally, a court may review any evidence, including submitted affidavits and depositions, to resolve factual disputes bearing upon the existence of jurisdiction. *See Aversa v. United States,* 99 F.3d 1200, 1210 (1st Cir.1996). The parties have not submitted any additional evidence. Accordingly, the court considers only plaintiffs' complaint in determining whether subject matter jurisdiction exists.

## III. Discussion

Defendant presents two subject matter jurisdiction arguments. First, it argues that the FTCA's discretionary function exception deprives this court of subject matter jurisdiction. Second, defendant contends that 38 U.S.C. § 511 precludes plaintiffs' FTCA claims. The court addresses these arguments *seriatim.*

## A. Discretionary Function Exception

Defendant argues that the discretionary function exception to the FTCA's general sovereign immunity waiver bars plaintiffs' suit. In response, plaintiffs contend that the VA has no discretionary authority to deny benefits when such a denial would constitute a CUE. Defendant concedes that the VA's benefits determination framework is strict and leaves little room for discretion. It argues, however, that a doctor's evaluation of Cortes was the discretionary aspect of the VA's benefits determination.

The FTCA affirmatively waives the United States' sovereign immunity for claims of "injury ... or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government ... under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). This sovereign immunity waiver, however, has several exceptions; if an exception applies, then the United States maintains its sovereign immunity and the court lacks subject matter jurisdiction to entertain the suit. *See Abreu v. United States*, 468 F.3d 20, 25 (1st Cir. 2006).

The discretionary function exception immunizes the United States from FTCA claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Whether a function is discretionary depends on "the nature of the conduct, rather than the status of the actor ...." *United States v. Varig Airlines*, 467 U.S. 797, 813, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984). Acts are discretionary in nature if they "involve an element of judgment or choice." *Berkovitz v. United States*, 486 U.S. 531, 536, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). As the Supreme Court stated in *Berkovitz:*

> [T]he discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow. In this event, the employee has no rightful option but to adhere to the directive. And if the employee's conduct cannot appropriately be the product of judgment or choice, then there is no discretion in the conduct for the discretionary function exception to protect.
>
> *Id.*

Congress designed the exception to preclude tort claims based on an officer or employee's abuse of discretionary authority, regardless of whether negligence was involved. *Dalehite v. United States*, 346 U.S. 15, 39, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). By including the exception, Congress endeavored to protect the government from liability that would seriously handicap efficient government operations. *United States v. Muniz*, 374 U.S. 150, 163, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963); *cf. Westfall v. Erwin*, 484 U.S. 292, 296–97, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988) (recognizing that conduct not product of independent judgment unaffected by threat of liability). Congress specifically sought to "prevent judicial 'second guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *United States v. Gaubert*, 499 U.S. 315, 323, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991).

In *Berkovitz*, the Supreme Court established a now familiar two-part test to determine whether the discretionary function exception applies. First, the court must determine whether the act involved an element of choice. Second, the court must determine whether the decision involved the kind of judgment Congress intended to protect. *Berkovitz*, 486 U.S. at 536, 108 S.Ct. 1954; *Abreu*, 468 F.3d at 25–26.

Defendant's motion to dismiss does not acknowledge the *Berkovitz* test-the familiar analytic framework used to analyze discretionary function exception questions. The motion recites general discretionary function exception law but omits discussion of the analytic framework and makes no attempt to apply law to the facts of this case. These omissions have hampered the

court's effort to conduct its discretionary function exception analysis. Notwithstanding, the court concludes that defendant has not demonstrated that the discretionary function exception bars plaintiffs' suit.[2]

Plaintiffs and defendant agree—the framework by which the VA determines benefits is strict and allows little room for discretion. In the case of a benefits reduction, plaintiffs argue the VA has no discretion. VA regulations reveal that it may only reduce benefits if certain requirements are satisfied. *See, e.g.*, 38 C.F.R. §§ 3.343(a), 3.344. In this case, plaintiffs allege that the VA had no discretion to reduce Cortes's benefits and that its clearly erroneous benefits reduction caused them damages. The VA's CUE finding supports the conclusion that the benefits reduction cannot appropriately be considered the product of judgment or choice. The VA will only find a CUE where the decision maker reached a decision based on mistake of fact or the incorrect application of a regulation or law without judgment being involved; an error that involves judgment by the decision maker cannot constitute a CUE. *See* 38 U.S.C. § 5109A (establishing CUE review framework); 38 C.F.R. § 3.105(a) (explaining errors accepted as correct except in the instance of CUE); *Pierce v. Principi*, 240 F.3d 1348, 1352 (Fed.Cir.2001) (noting CUE provision provides correction of only "undebatable" errors). Defendant has not shown that the VA's decision to reduce Cortes's benefits involved or is appropriately considered the product of judgment or choice. Accordingly, defendant has not satisfied the first element of the *Berkovitz* test.

Defendant essentially accepts this conclusion and, consequently, points to the doctor's evaluation as the discretionary aspect of the VA's conduct. The court finds several flaws in defendants' skeletal argument. First, defendant does not explain why it is proper for the court to focus on the doctor's evaluation rather than the VA's decision; its motion does not address any causation issues. Second, the motion does not explain how the doctor's conduct was discretionary. Finally, safely assuming that the doctor's conduct involved judgment or choice, there is no indication that his conduct in evaluating Cortes involved anything more than professional judgment. When professional non-governmental discretion is at issue, the discretionary function exception does not apply. *Collazo v. United States*, 850 F.2d 1, 3 (1st Cir.1988); *see also Lather v. Beadle County*, 879 F.2d 365, 368 (8th Cir.1989) (concluding second prong of *Berkovitz* test not satisfied where plaintiff alleged improper medical, rather than policy, decision).

In light of the foregoing, the court concludes that defendant has not demonstrated that the discretionary function exception bars plaintiffs' FTCA claims. Accordingly, the court denies defendant's motion to dismiss based on the discretionary function exception.

## B.  38 U.S.C. § 511

■ Defendant next argues that the court lacks subject matter jurisdiction because 38 U.S.C. § 511(a) precludes district court review of decisions by the Secretary related to the provision of veteran's benefits. Plaintiffs respond that they do not seek review of a decision by the Secretary and that application of § 511 in this case would not serve the purposes behind the section.

---

**2.** Defendant's omissions arguably justify denial of its motion out of hand for failure to adequately develop the underlying arguments.

*See supra* note 1 (citing *Zannino,* 895 F.2d at 17).

Section 511 precludes judicial review in Article III courts of VA decisions affecting the provision of veteran's benefits. *See* 38 U.S.C. § 511(a); *see also Price v. United States,* 228 F.3d 420, 421 (D.C.Cir.2000) (per curiam) (describing exclusive review process by which veteran may resolve benefits-related disagreement with VA). The section states, in pertinent part:

(a) The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans.... Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). A plaintiff may not circumvent § 511(a)'s bar by couching his claim in negligence terms. If a plaintiff's claim requires him to prove that the VA acted improperly in handling a benefits claim—essentially if the claim requires the court to second-guess the Secretary's answer to a benefits-related question of law or fact—then § 511(a) bars the claim. *See Broudy v. Mather,* 460 F.3d 106, 114 (D.C.Cir.2006) (holding court has jurisdiction to consider question arising under laws that affect provision of benefits as long as Secretary has not actually decided question in course of benefits proceeding); *Thomas v. Principi,* 394 F.3d 970, 974–75 (D.C.Cir.2005) (holding district court lacked jurisdiction to consider claim because underlying the claim is allegation that VA unjustifiably denied veteran's benefit); *Weaver v. United States,* 98 F.3d 518, 521 (10th Cir.1996) (dismissing claim which in substance does nothing more than challenge VA's underlying benefits decision).

Defendant's motion quotes § 511(a) but fails apply the section to the facts of this particular case. Defendant makes no effort to explain how adjudicating plaintiffs' FTCA damages claims would require the court to answer a question of law or fact related to Cortes's benefits determination.[3] Notably, the court previously had the opportunity to apply § 511(a) to plaintiffs' claims. *See Cortes,* 433 F.Supp.2d at 224–25. There, the court found that it could adjudicate plaintiffs' FTCA damages claims without reviewing the VA's factual or legal determinations upon which it based its benefits decision. *Id.* Accordingly, the court held that § 511(a) did not foreclose plaintiffs' FTCA claims and, accordingly, the court had subject matter jurisdiction over plaintiffs' complaint. *Id.* The court reaches the same conclusion here.

Defendant has not shown that the adjudication of plaintiffs' claims would require the court to determine whether the VA acted properly in reducing Cortes's benefits or to second-guess the Secretary's decision on a question of law or fact affecting benefits. Indeed, the VA has already decided that it acted improperly in handling Cortes's benefits; it held that the benefits reduction contained a CUE and, accordingly, that the VA did not properly handle Cortes's benefits. Consequently, the VA has decided the questions of law and fact related to Cortes's benefits claim. Plaintiffs' do not challenge that decision, and the court can adjudicate plaintiffs' damages claim without revisiting the decision. Section 511(a), therefore, does not deprive the court of subject matter jurisdiction over plaintiffs' FTCA claims.

---

3.  Again, these failures arguably justify denial of defendant's motion out of hand for failure to adequately develop the underlying arguments. *See supra* note 1 (citing *Zannino,* 895 F.2d at 17).

## IV. Conclusion

For the reasons discussed above, the court **DENIES** defendant's motion to dismiss (Docket No. 11).

**IT IS SO ORDERED.**