# United States Court of Appeals

### For the Eighth Circuit

_____

No. 11-3578

_____

A.J., a minor by and through her next friend Lori Dixon; D.M., minor, by and
through their next friend Shannon Mers; B.M., minor, by and through their next
friend Shannon Mers

*Plaintiffs - Appellants*

v.

UNUM; A&A Contracting Group Life Insurance Plan; A&A Contracting, Inc.,
Plan Administrator

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 17, 2012
Filed: October 19, 2012
[Published]

_____

Before MELLOY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Robert J. Johnson, the father of A.J., D.M., and B.M., died without naming a
beneficiary of his Unum life insurance. His estate filed a basic-life claim (which

Unum granted) and an accidental-death claim (which was denied). Unum claimed that Johnson committed a (uncharged) crime contributing to his death by carelessly and imprudently driving his motorcycle, in violation of Section 304.012, RSMo 2000. The administrator of the estate did not appeal the denial. The estate's sole beneficiaries are A.J., D.M., and B.M. Their attorney says he did not receive notice of the denial in time to appeal administratively. The children filed a second accidental-death claim, alternatively requesting to appeal the denial of the estate's claim. Unum denied that the children were beneficiaries and said the claim was closed. They sued Unum, asserting a breach of the policy and an ERISA violation. The district court[1] concluded they lacked standing, dismissing the suit. The children appeal, arguing that, under ERISA, they are beneficiaries of the plan and have standing.

Standing to sue under ERISA is a jurisdictional issue. *Wilson v. Sw. Bell Tel. Co.*, 55 F.3d 399, 403 n.3 (8th Cir. 1995). "We review de novo the grant of a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)." *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 985, 988 (8th Cir. 2010). "We must accept all factual allegations in the pleadings as true and view them in the light most favorable to the nonmoving party." *Id*. "Because standing is determined as of the lawsuit's commencement, we consider the facts as they existed at that time." *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000).

ERISA empowers a beneficiary to sue to recover benefits. 29 U.S.C. § 1132(a). A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."

---

[1]The Honorable Thomas C. Mummert, III, United States Magistrate Judge for Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636 (c).

29 U.S.C. § 1002(8). The children realize that they were not designated as beneficiaries. They claim they "may become entitled" to benefits based on the policy's facility-of-payment clause:

> If you do not name a beneficiary, or if all named beneficiaries do not survive you, or if your named beneficiary is disqualified, your death benefit will be paid to your estate.

> Instead of making a death payment to your estate, Unum has the right to make payment to the first surviving family members of the family members in the order listed below:

> - spouse;
> - child or children;
> - mother or father; or
> - sisters or brothers.

The children argue that Unum's right to pay them rather than the estate makes them "beneficiaries" under ERISA's "may become entitled" definition. Unum denied the estate's claim. It was the only claim filed within the express time under the terms of the policy. Once denied, it was not appealed within the express time under the terms of the policy. The administrator of the estate chose not to appeal so as to "not put estate assets at risk in the pursuit of the litigation."

In order to be a "beneficiary" with ERISA standing, a claimant must have a reasonable or colorable claim to benefits under an ERISA plan. *Crawford v. Roane*, 53 F.3d 750, 754-55 (6th Cir. 1995) (relying on the Supreme Court's analogous definition of "participant" in *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 117-18 (1989)). The estate's decision not to appeal precludes the children from having a reasonable or colorable claim to benefits. *See Chicago, Rock Island & Pac. Ry. Co. v. Schendel*, 270 U.S. 611 (1926) (finding an action brought by the administrator of an estate bound by a judgment against the sole beneficiary of the estate); *Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*, 568 F. Supp. 2d

1152, 1172-73 (C.D. Cal. 2008) (collecting cases concluding that a beneficiary is bound by a judgment for or against an executor, administrator, or trustee), *aff'd sub nom. Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, ___ F.3d ___, 2012 WL 3743100 (9th Cir. Aug. 30, 2012).  Because the children may not become entitled to benefits, the district court properly dismissed this case.

The judgment of the district court is affirmed.

_____