# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3275
_____

Timmy Jones

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: May 24, 2013
Filed: August 16, 2013

_____

Before RILEY, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

The Department of Veterans Affairs improperly withheld Timmy Jones's benefits beginning in 2006. It believed he had an outstanding warrant. Over the next three years, he tried to get the VA to restore his benefits. In 2012, he sued under the Federal Tort Claims Act, alleging negligent withholding of benefits. The district

court[1] dismissed Jones's case for lack of subject-matter jurisdiction. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

The district court decided this case on a motion for "lack of subject-matter jurisdiction." **Fed. R. Civ. P. 12(b)(1)**. Thus, the facts from Jones's complaint are accepted as true, viewed most favorably to him. *A.J. ex rel. Dixon v. UNUM*, 696 F.3d 788, 789 (8th Cir. 2012). The facts are stated according to this standard.

Jones, a disabled veteran, receives compensation benefits from the VA. In March 2006, it believed Jones had an outstanding felony warrant and was fleeing from it. *See* **38 U.S.C. § 5313B**; **38 C.F.R. § 3.665(n)**. In June 2006, the St. Louis VA office informed Jones he could again receive benefits by supplying evidence that he was not a fleeing felon. Jones submitted evidence that the warrant was for a misdemeanor, and had been cleared. In June 2007, the VA regional office ordered payment of his previously withheld benefits.

After not receiving payments for a few months, Jones returned to the office. He was told that the compensation would be paid "as soon as some calculations were made." Late in 2007, the regional office determined – despite the evidence Jones already provided – that he owed $35,000 to the VA for overpayment of compensation and medical care. The VA hired a collection agency to recover these funds, while withholding his compensation payments until he presented (again) evidence to a Minnesota office – the office in charge of collecting medical payments.

Jones repeatedly contacted and met with the St. Louis office from June 2007 through August 2008, without success. In March 2008, Jones's attorney faxed a

---

[1]The Honorable Richard E. Webber, United States District Judge for the Eastern District of Missouri.

memorandum to the St. Louis office, detailing the events and demanding payment.[2] The VA did not respond to this memorandum. In September 2008, Jones petitioned the United States Court of Appeals for Veterans Claims for a writ of mandamus. The court ordered the VA to respond. The VA did so in February 2009, explaining its determination that Jones was not a fleeing felon and would be refunded the entire amount of compensation withheld. The VA finally paid Jones five months later. Even then, it was $16,000 less than he is owed.

Jones filed an administrative claim under the Federal Tort Claims Act, which VA denied in July 2011. He then sued in district court. Jones does not seek recovery of any unpaid funds. Rather, he brings a negligence claim under the FTCA alleging significant damages from the VA's improper withholding of benefits. The government moved to dismiss for a lack of subject-matter jurisdiction. The district court granted its motion. *Jones v. United States*, 2012 WL 3095544, at *5 (E.D. Mo. July 30, 2012). Jones appeals.

The government moves this court to dismiss the appeal for lack of subject-matter jurisdiction, but federal appellate courts have the obligation to satisfy themselves of their own jurisdiction as well as that of the lower federal court in the case. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Because this court has jurisdiction to determine whether the district court properly dismissed the case for lack of subject-matter jurisdiction, the government's motion is denied. *See* **28 U.S.C. § 1291**.

II.

"The existence of subject-matter jurisdiction is a question of law that this court reviews de novo." *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954,

---

[2]The date on the fax cover sheet reads "March 20, 2007," but its text shows it was actually sent on March 20, 2008.

958 (8th Cir. 2011). The party seeking to invoke federal jurisdiction – here, Jones – carries the burden, which may not be shifted to another party. ***Great Rivers Habitat Alliance v. FEMA***, 615 F.3d 985, 988 (8th Cir. 2010). Because the government limits its jurisdictional attack to Jones's complaint, this is a facial challenge to subject-matter jurisdiction. ***BP Chems. Ltd. v. Jiangsu Sopo Corp.***, 285 F.3d 677, 680 (8th Cir. 2002). Therefore, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." ***Osborn v. United States***, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citations omitted).

The FTCA provides:

> Subject to the provisions of chapter 171 of this title, the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

**28 U.S.C. § 1346 (b)(1)**. This jurisdiction is augmented by the Veterans' Judicial Review Act of 1988, which provides:

> The Secretary [of VA] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

**38 U.S.C. § 511(a)**.[3] Thus, the district court does not have jurisdiction over a benefits claim once the Secretary decides under a law affecting benefits. *See **Broudy v. Mather***, 460 F.3d 106, 112-15 (D.C. Cir. 2006) (explaining that § 511(a) does not provide exclusive jurisdiction to the VA on laws affecting the provision of veterans benefits, but does prevent district courts from reviewing the VA's decision once made). The issue here is whether this case involves a benefits claim that deprives the district court of jurisdiction.

This court has relied on § 511(a) to refuse jurisdiction of a First Amendment challenge to the denial of benefits. ***Hicks v. Veterans Admin.***, 961 F.2d 1367, 1370 (8th Cir. 1992). The veteran argued that in retaliation for complaining about the VA care he received, his doctor wrote a letter that resulted in a review of his case, and eventually, a reduction in benefits. ***Id.*** at 1368. The veteran sued in federal district court, arguing that the retaliation violated his First Amendment rights. ***Id.*** This court found that the district court lacked subject-matter jurisdiction because "Hicks' claim that unconstitutional retaliatory conduct was the cause of the reduction of his disability rating and benefits is essentially a challenge to the reduction of benefits on a constitutional basis." ***Id.*** at 1370. This court's analysis thus comports with the Tenth Circuit's process to "examine the substance of the[] allegations, rather than the plaintiff's labels, to determine their true nature." ***Weaver v. United States***, 98 F.3d 518, 520 (10th Cir. 1996). This court has also invoked § 511(a) to decline jurisdiction over a *Bivens* action, finding an elaborate remedial scheme. ***Mehrkens v. Blank***, 556 F.3d 865, 869-70 (8th Cir. 2009).

The District of Columbia Circuit has evaluated § 511(a) in the FTCA context. In *Price v. United States*, 228 F.3d 420 (D.C. Cir. 2000), it held that the district court

---

[3]The claimant then has the right to seek review by the Board of Veterans' Appeals, **38 U.S.C. § 7104**, the Court of Appeals for Veterans Claims, **§ 7252(a)**, the United States Court of Appeals for the Federal Circuit, **§ 7292**, and, ultimately, the Supreme Court of the United States, **§ 7291**.

lacked jurisdiction over a veteran's claim for medical reimbursement "because underlying the claim is an allegation that the VA unjustifiably denied [the claimant] a veterans' benefit." *Price*, 228 F.3d at 421. There, the district court liberally construed the complaint to allege an FTCA tort claim for intentional or negligent failure to pay medical bills – a tort under Florida law. The D.C. Circuit rejected that attempt as well:

> Nevertheless, assuming Price's damages claim is cognizable under [the Florida Statute], a necessary predicate of such a claim is a determination that the insurer acted in bad faith. Here, the propriety of the VA's purported refusal to reimburse Price has not yet been established. Because a determination whether the VA acted in bad faith or with negligence would require the district court to determine first whether the VA acted properly in handling Price's request for reimbursement, judicial review is foreclosed by 38 U.S.C. § 511(a).

*Id.* at 422 (citation omitted).

Similarly here, Jones sued the VA for negligently failing to pay him benefits. Resolving that would require the district court to determine whether the VA acted negligently in the benefits determinations. Thus, the district court lacks jurisdiction. Jones argues that his claim is completely independent of the benefits decision because he is suing for other damages – not for the benefits themselves. Not so. The dichotomy between related and independent claims is discussed in *Thomas v. Principi*, 394 F.3d 970 (D.C. Cir. 2005). There, the D.C. Circuit evaluated claims arising from the VA's delay in disclosing a veteran's diagnosis of schizophrenia. *Thomas*, 394 F.3d at 972. Three claims were allowed to proceed – intentional infliction of emotional distress and two medical-malpractice claims – because they arose from the failure to disclose the diagnosis, and *not* from the failure to pay benefits:

> Because none of these claims alleges that the VA failed to pay for treatment (or even to provide for treatment), they raise no "questions of law [or] fact necessary to a decision by the Secretary under a law that

-6-

affects the provision of benefits." 38 U.S.C. § 511. The raised "questions of law and fact" relate to whether the alleged withholding of the diagnosis states a tort claim, and resolution of those questions is not "necessary" to the benefits determination. *See id.* Putting the issue in *Price*'s terms, no denial of benefits "underl[ies]" Thomas's failure-to-inform allegations. *See* 228 F.3d at 421.

*Id.* at 974-75 (alteration in original). Conversely, the court concluded that the district court lacked jurisdiction over other claims that the VA "failed to render the appropriate medical care services" and that the VA's "continuous and persistent deprivation and denial of known needed and necessary medical care treatment . . . caused Plaintiff severe emotional distress." *Id.* at 975 (alteration in original). The court rejected these claims "[b]ecause adjudicating these allegations . . . would require the district court 'to determine first whether the VA acted properly' in providing Thomas benefits." *Id.*, *quoting* **Price**, 228 F.3d at 422; *see also* **Veterans for Common Sense v. Shinseki**, 678 F.3d 1013, 1025 (9th Cir. 2012) ("[Section] 511 precludes jurisdiction over a claim if it requires the district court to review 'VA decisions that relate to benefits decisions,' *Beamon v. Brown*, 125 F.3d 965, 971 (6th Cir. 1997), including 'any decision made by the Secretary in the course of making benefits determinations,' *Broudy*, 460 F.3d at 115.").

Jones's claims are like the claims rejected in *Thomas*. Specifically, the allegation there that the denial of treatment *caused* severe emotional distress mirrors the claims here – that the denial of benefits *caused* Jones's damages. Jones argues that *Thomas* (and *Weaver*) is distinguishable because it challenges a discretionary benefits decision as opposed to Jones's characterization of his case as challenging a "mandatory pay obligation." The discretionary–mandatory distinction is not relevant for the § 511(a) analysis; all that matters is "whether adjudicating [Jones's] claims would require the district court 'to determine first whether the VA acted properly in handling' [Jones's] benefits request." **Thomas**, 394 F.3d at 974, *quoting* **Price**, 228 F.3d at 422. Jones claims he is not challenging the benefits decision, but only the failure to pay. Looking through his label of the allegation, however, this court finds

that the substance of Jones's allegation is the VA's "handling . . . [of the] benefits request." *Id.*

Jones emphasizes that his case does not involve a benefits determination, relying primarily on *Roman Cancel v. United States*, 598 F. Supp. 2d 227 (D.P.R. 2008). There, the claimants brought a FTCA claim alleging that the VA's negligent reduction of benefits caused mental suffering and property loss. The court ruled that it would not have to evaluate whether the VA acted properly in reducing the benefits: "Indeed, the VA has already decided that it acted improperly in handling Cortes's benefits; it held that the benefits reduction contained a [clear and unmistakable error (CUE)] and, accordingly, that the VA did not properly handle Cortes's benefits." *Roman Cancel*, 598 F. Supp. 2d at 232.[4]

This court need not address the *Roman Cancel* court's holding that a CUE finding means that the VA's benefits decision will not have to be evaluated in an FTCA negligence claim. A CUE determination is specific to the VA and defined by regulation. *See* **38 C.F.R. § 20.1403**; *see also* **38 U.S.C. § 5109A**. Its interaction with a common-law negligence claim is a question for another case. Jones specifically states in his complaint that he "has not yet filed for the balance due based on Clear and

---

[4]In his brief, Jones extensively discusses the discretionary-function exception to FTCA suits. *See* **28 U.S.C. § 2680(a)**. This discussion is misplaced because the government need not rely on the discretionary-function exception to avoid suit. Rather, the key is that § 511(a) strips the district court of subject-matter jurisdiction. Jones also argues that language from *Thomas* actually supports his position. He misreads *Thomas*. It does not discuss the discretionary-function exception.

Finally, Jones asserts that in *Roman Cancel* "there is an inference this [discretionary-function] analysis is required in FTCA cases." Not so. There, the court discussed it because the government "argue[d] that the FTCA's discretionary function exception deprive[d] th[e] court of subject matter jurisdiction." *Roman Cancel*, 598 F. Supp. 2d at 229. Section 511(a) is an independent jurisdictional argument, which resolves this case.

Unmistakable error in the determination of the amount actually due Plaintiff . . . ." There has been no CUE determination for any of the VA's acts. Jones argues a CUE finding is not necessary because the VA has admitted that it wrongly denied him benefits. That admission, however, is far from a finding that the VA was negligent (legally speaking) in doing so. The district court would have to determine whether, based on the information it had at the time, the VA was negligent in not paying benefits. This court need not address the merits of that question, but because the district court would have to answer it, § 511(a) precludes jurisdiction.[5] Finally, Jones contends that there were *no* decisions in this case to challenge, only "mistakes." That is wrong. The VA made the decision not to pay Jones – resolving this case requires the district court to evaluate that decision.

\* \* \* \* \* \* \*

The judgment of the district court is affirmed.

_____

---

[5]Also of note is the *Roman Cancel* court's statement that the "Defendant's motion quotes § 511(a) but fails apply [sic] the section to the facts of this particular case. Defendant makes no effort to explain how adjudicating plaintiffs' FTCA damages claims would require the court to answer a question of law or fact related to Cortes's benefits determination." **Roman Cancel**, 598 F. Supp. 2d at 232. Here, the government articulates the need for the district court to evaluate the VA's decision – specifically, for a finding of negligence.