# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2080
_____

Albert Lee Johnson

*Plaintiff - Appellant*

v.

United States of America; Lori Cossey, Ms., U.S. Department of Veterans Affairs; John Doe, 1 & 2 VA Regional Office Personnel, U.S. Department of Veterans Affairs and Trust Fund Centralized Banking Personnel; Barbara Smallwood, Business Manager, Varner Unit; Sherry Conrad, Mail Room Supervisor, Varner Unit; James Banks, Warden, Varner Unit; Curtis Meinzer, Deputy Warden, Varner Unit; James Gibson, Deputy Warden, Delta Regional Unit; Regina Goldman, Trust Fund Centralized Banking; Larry D. May, Chief Deputy Director, Arkansas Department of Correction; Marvin Evans, Deputy Assistant Director, Arkansas Department of Correction; Grant Harris, Deputy Assistant Director, Arkansas Department of Correction; Wendy Kelley, Director, Arkansas Department of Correction

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff
_____

Submitted: May 6, 2016
Filed: May 13, 2016
[Unpublished]
_____

Before GRUENDER, ARNOLD, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Albert Johnson, an inmate of Arkansas Department of Correction's (ADC's) Varner Unit, and a recipient of disability benefits from the United States Department of Veterans Affairs (VA), brought this action raising claims about the reduction of his benefits, and about the alleged mishandling of his disability payments--primarily the return of a lump-sum disability payment to the VA without notice to him. Johnson asserted claims arising under the Federal Tort Claims Act (FTCA); Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971); and 42 U.S.C. §§ 1983 and 1985.[1] The district court granted summary judgment for defendants based on two separate motions, and Johnson appeals. For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

Contrary to Johnson's main argument in his appellate brief, we conclude that the district court properly determined it lacked subject matter jurisdiction over the FTCA and Bivens claims against the federal defendants--claims related to reduction of Johnson's VA benefits as a result of his incarceration--because these claims were preempted under the Veterans' Judicial Review Act (VJRA). See 38 U.S.C. § 511; Jones v. United States, 727 F.3d 844, 846-49 (8th Cir. 2013) (any claim concerning VA's handling of benefits request is pre-empted by VJRA); Mehrkens v. Blank, 556 F.3d 865, 868-70 (8th Cir. 2009) (VJRA was exclusive remedy for claimed constitutional violations committed by VA officials while handling benefits claim, and thus there was no Bivens remedy for constitutional violations stemming from alleged delay of benefits). We also decline to consider Johnson's constitutional challenge to section 511, an argument he did not raise in the district court. See Liberty State Bank v. Minn. Life & Health Ins. Guar. Ass'n, 149 F.3d 832, 834 (8th

---

[1]He also raised related state law claims, but on appeal he does not challenge the dismissal of those claims.

Cir. 1998) (newly raised constitutional arguments are not considered absent exceptional circumstances).

Turning to the claims against the ADC defendants, the record established the following with regard to Johnson's principal claim. After a VA check for $12,651.57 payable to Johnson was received in Varner Unit's mail room in January 2010, Mail Room Supervisor Sherry Conrad forwarded the check to Varner Unit Business Manager Barbara Smallwood, who in turn forwarded the check to ADC's Trust Fund Centralized Bank (TFCB) for processing. TFCB employee Regina Goldman instructed staff member Marilyn Hutcheson to call the VA to verify that the check--in an amount substantially higher than Johnson's monthly benefits--could be deposited, and the VA instructed Hutcheson to mail the check back to the VA. Goldman notified Smallwood by e-mail that Johnson's check was being returned to the VA, but no one notified Johnson, who had been expecting a check for retroactive benefits in accordance with a settlement agreement. Johnson did not find out about the returned check until March, when his counselor called the VA to inquire, and Johnson eventually received a replacement check from the VA in October 2010. On these facts, we conclude that the district court erred in granting summary judgment based on qualified immunity to the defendants involved, because it was clearly established that an inmate had a procedural due process right to receive notice that his mail was being rejected. See Hess v. Ables, 714 F.3d 1048, 1050 (8th Cir. 2013) (de novo review of grant of summary judgment); Bonner v. Outlaw, 552 F.3d 673, 679-80 (8th Cir. 2009) (noting that Supreme Court, over 30 years ago in Procunier v. Martinez, 416 U.S. 396 (1974), declared that inmates have due process right to notice whenever correspondence addressed to them is rejected).

To the extent Johnson has challenged the grant of summary judgment in favor of the remaining ADC defendants, we affirm the adverse judgment against these defendants, because the claims against them were supported only by (1) allegations involving defendants acting in their supervisory roles, (2) conclusory allegations of

a conspiracy or of retaliation, and (3) allegations of negligent conduct such as incorrectly posting one of Johnson's monthly checks to a different inmate's account for a period of time, or delays of a few days in posting monthly checks that needed Johnson's signature. See Murray v. Lene, 595 F.3d 868, 870 (8th Cir. 2010) (conspiracy claim requires allegations of specific facts tending to show "meeting of the minds" among alleged conspirators); Terrell v. Larson, 396 F.3d 975, 978 (8th Cir. 2005) (en banc) (negligence is insufficient to establish § 1983 liability); Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir.1996) (per curiam) (retaliatory animus could not be inferred from speculative and conclusory allegations).

In summary, we affirm the grant of summary judgment in favor of the United States, VA employee Lori Cossey, and VA employee John Doe 1. We also affirm the grant of summary judgment in favor of Varner Warden James Banks, Deputy Wardens Curtis Meinzer and James Gibson, ADC Director Wendy Kelley, Chief Deputy Director Larry May, and Deputy Assistant Directors Marvin Evans and Grant Harris. We reverse the grant of summary judgment in favor of Varner Business Manager Smallwood, Mail Room Supervisor Conrad, and TFCB employees Goldman and John Doe 2[2]; and we remand for further proceedings. We express no opinion about the liability of any of these remaining defendants, because the record was not developed as to which defendants had the responsibility to notify Johnson before his mail was returned. We merely hold that Bonner gave prison officials "fair warning" that Johnson had a due process right related to the events described in the record. See Bonner, 552 F.3d at 679.

---

[2]In his appellate brief, Johnson has identified TFCB employee John Doe 2 as Marilyn Hutcheson. (Br. at 26.) She should therefore be substituted on remand.

-4-