# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1681

_____

Eugene Newcombe

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: June 12, 2019
Filed: August 9, 2019

_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.

_____

KELLY, Circuit Judge.

Eugene Newcombe brought a claim against the United States for negligent supervision and training, alleging he suffered emotional and physical distress after the Veterans Administration (VA) sent him a letter erroneously stating that his

corneal ulcerations were not service-connected. The district court[1] dismissed Newcombe's claim for lack of subject-matter jurisdiction. Newcombe appeals, and we affirm.

I

Newcombe was honorably discharged from the Army in 1995. Upon leaving the Army, Newcombe petitioned the VA for disability benefits for several medical conditions, including corneal ulcerations. At that time, the VA determined that Newcombe's corneal ulcerations were not service-connected, and therefore he could not receive benefits related to that condition. In 2013, Newcombe again petitioned for benefits related to various medical conditions, including his corneal ulcerations. After initially reaffirming the denial of benefits for his corneal ulcerations, the VA sent Newcombe a letter in September 2014 informing him that it found his "photophobia with recurrent corneal ulceration" was service-connected, awarded him a 10 percent disability rating related to corneal ulcerations, and adjusted his benefits accordingly.

Newcombe continued to petition the VA regarding other medical conditions and ultimately received a combined 100 percent disability rating, allowing him to receive maximum benefits. Then, on February 17, 2015, Newcombe received a letter from the VA informing him of its service-related determinations on a number of his claims. As to his corneal ulcerations, the letter stated, "Service connection for ulcer, corneal is denied since this condition neither occurred in nor was caused by service. Your service treatment records do not contain complaints, treatment, or diagnosis for this condition." Even with this denial, Newcombe's disability rating remained above

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota, now retired.

100 percent. The letter stated in bold text on the first page, "Your current benefit payment will continue unchanged."

On May 7, 2015, the VA sent Newcombe another letter, stating that it had reviewed the February 2015 letter and found that its statement that Newcombe's corneal ulcerations were not service-connected was a "clear and unmistakable error" (CUE). See 38 C.F.R. § 20.1403(a) (defining a CUE). The VA apologized for the inconvenience and confusion and assured Newcombe that "the February decision did not rescind service-connection for your corneal ulcerations or in any way impact your overall combined evaluation."

In September 2015, Newcombe met with Kim Graves, the Director of the VA Regional Office in Minnesota. Director Graves apologized to Newcombe for the confusion and informed him that an employee, identified as John Doe, made several errors in reviewing his file.

After an unsuccessful attempt to bring administrative claims through the VA appeals process, Newcombe brought this lawsuit in district court, claiming that the VA, through Graves, was negligent in supervising and training employee John Doe and claiming damages for physical and emotional distress he suffered after receiving the February 2015 letter. The district court dismissed Newcombe's lawsuit for lack of subject-matter jurisdiction. Newcombe appeals.

II

"The existence of subject-matter jurisdiction is a question of law that this court reviews de novo." ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters, 645 F.3d 954, 958 (8th Cir. 2011). "The party seeking to invoke federal jurisdiction . . . carries the burden [of establishing jurisdiction], which may not be shifted to another party." Jones v. United States, 727 F.3d 844, 846 (8th Cir. 2013).

District courts have subject-matter jurisdiction over claims brought under the Federal Tort Claims Act (FTCA). 28 U.S.C. § 1346(b)(1). The FTCA waives federal sovereign immunity for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable." Id.

The Veterans' Judicial Review Act (VJRA), however, limits district courts' jurisdiction over suits involving a VA benefits determination. 38 U.S.C. § 511(a). VA benefits determinations are reviewed under a separate appeals process, first by the Board of Veterans' Appeals, then the Court of Appeals for Veterans Claims, then the United States Court of Appeals for the Federal Circuit, and, ultimately, the Supreme Court of the United States. Id. §§ 7104, 7252(a), 7292; 28 U.S.C. § 1254. A district court does not have jurisdiction over any claim that would require it to review a VA benefits determination, even if the claim is not for the benefits themselves. Jones, 727 F.3d at 848 ("Jones sued the VA [under the FTCA] for negligently failing to pay him benefits. Resolving that would require the district court to determine whether the VA acted negligently in the benefits determinations. Thus, the district court lacks jurisdiction."); Price v. United States, 228 F.3d 420, 422 (D.C. Cir. 2000) (per curiam) ("Because a determination whether the VA acted in bad faith or with negligence would require the district court to determine first whether the VA acted properly in handling [the claimant's] request for reimbursement, judicial review is foreclosed by 38 U.S.C. § 511(a).")

Newcombe argues that the district court would not need to review a VA benefits determination in ruling on his claim because the VA already admitted in the May 2015 letter that the statements regarding his corneal ulcerations contained in the February 2015 letter were erroneous. We rejected this argument in Jones, explaining that the VA's admission that it erroneously denied benefits "is far from a finding that the VA was negligent (legally speaking) in doing so." 727 F.3d at 849. The Fifth

Circuit has also rejected this argument. "Even if the VA admitted error . . . it did not admit to negligence, much less malice." King v. U.S. Dep't of Veterans Affairs, 728 F.3d 410, 414 (5th Cir. 2013).

Newcombe asserts that his case is distinguishable from Jones because it involved a clear and unmistakable error, also referred to as a CUE. Newcombe argues that a CUE is a special admission of error that removes the need for the court to review a benefits decision, or, alternatively, that the CUE renders the benefits determination a "mistake" rather than a "decision." In Jones, we noted that "[a CUE's] interaction with a common-law negligence claim is a question for another case." 727 F.3d at 849. This question is squarely before us now.

A CUE is a distinct kind of error with specific regulatory requirements and effects within the VA benefits appeals process. See 38 C.F.R. §§ 20.1400–20.1411.

> Clear and unmistakable error is a very specific and rare kind of error. It is the kind of error, of fact or of law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error.

Id. § 20.1403(a). When the Board of Veterans' Appeals finds that a decision contained a CUE, it revises the prior decision, and the revised decision is automatically made effective as of the date of the original decision. Id. § 20.1406(a).

Newcombe argues that, although an ordinary admission of error of the kind the VA made in Jones does not relieve the district court of the need to review a benefits determination, a CUE is a special type of admission that makes such a review unnecessary. We disagree. A CUE is distinct from a simple admission of error in that it has particular consequences within the veterans' benefits review process, but this distinction has no impact on the question of subject-matter jurisdiction. Like the

-5-

admission of error in <u>Jones</u>, the Board's determination that the February 2015 letter contained a CUE does not constitute an admission of negligence such that the district court would no longer need to review a benefits determination in deciding Newcombe's claim.

Newcombe also argues that the Board's determination that the February 2015 letter contained a CUE renders the letter a "mistake" rather than a "decision" and, therefore, the court would not need to review a "decision" to rule on his claim. The plain language of the regulations contradicts this argument. "A decision of the Board that revises a prior Board *decision* on the grounds of clear and unmistakable error has the same effect as if the decision had been made on the date of the prior decision." <u>Id.</u> (emphasis added). The February 2015 letter contained a decision that the district court would need to review in ruling on Newcombe's claims. The court therefore lacked jurisdiction.

Accordingly, the order of the district court is affirmed.

_____