# United States Court of Appeals

## For the Eighth Circuit

_____

No. 20-1033

_____

Lonnie D. Snelling

*Plaintiff - Appellant*

v.

City of St. Louis, Missouri, a municipality; Stephen Perry, Officer, DSN #0594, in their official capacity; Christina Powderly, Officer, DSN #0594, in theri official capacity

*Defendants - Appellees*

Chris Myess, Officer, DSN #?, in their official capacity

*Defendant*

Martin Walls, DSN #?, in their official capacity

*Defendant - Appellee*

Willie Prothro, DSN #?, Necessary Party - in their official capacity; Jane Doe Prothro, Officer, DSN #?, Necessary Party, in their official capacity

*Defendants*

John Does, Officer, DSN #?, in their official capacity; Jane Does, Officer, DSN #?, in their official capacity; Russell Alowel, Building Inspectors, in their official capacity; Adebanjo Popoolas, Building Inspectors, in their official capacity; Stephen Perry, in his individual capacity; Christina Powderly, in her individual capacity; Willie C. Hemphill, Jr., Individually and Owner, also known as Apostle Wrecking & Excacating, also known as Apostle Demolition & Excavating

*Defendants - Appellees*

Ellsworth Douglas Ware, III, Agent and Individually; Jason Sengheiser, Judge, Necessary Party, in his Official Capacity

*Defendant*s

Land Reutilization Authority, (LRA) a Municipal Corporation in its Proprietary Capacity; Willie C. Hemphill, Jr., Individually and Owner, doing business as Cheyenne Contracting; John Doe Independent Contractors, if any; Leon Reitz, Individually and Jointly; Daniel Chamblian, DSN # unknown; Sean Lipina, DSN #6897; Chris Myers, DSN #11332; David E. Love; Betty L. Williams, also known as Betty Johnson, also known as Betty L. Love; Teresa B. Morrow; Park Place Preservation LP

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: August 31, 2020
Filed: September 23, 2020
[Unpublished]
_____

Before LOKEN, GRUENDER, and KELLY, Circuit Judges.
_____

PER CURIAM.

Lonnie Snelling appeals after the district court[1] dismissed his action raising numerous federal and state-law claims stemming from interactions he had with

_____

[1]The Honorable Rodney W. Sippel, Chief Judge, United States District Court for the Eastern District of Missouri.

-2-

defendants regarding his property in St. Louis, Missouri, and denied his post-judgment motion under Federal Rule of Civil Procedure 59(e). We review *de novo* the district court's dismissal of Snelling's 42 U.S.C. § 1983 claims and one of his state-law claims. *See Newcombe v. United States*, 933 F.3d 915, 917 (8th Cir. 2019); *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007). We review for an abuse of discretion the district court's decision not to exercise supplemental jurisdiction over Snelling's state-law claims as well as its denial of Snelling's Rule 59(e) motion. *See Thompson v. Kanabec Cnty.*, 958 F.3d 698, 708 (8th Cir. 2020); *Rinchuso v. Brookshire Grocery Co.*, 944 F.3d 725, 730 (8th Cir. 2019). Finding no error or abuse of discretion, we affirm for the reasons stated in the district court's thorough opinions. *See* 8th Cir. R. 47B.

_____