# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 23-3756

———————————————

Darryl Bagley

*Plaintiff - Appellant*

v.

Department of Veterans Affairs

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: September 19, 2024
Filed: September 24, 2024
[Unpublished]

——————————

Before GRASZ, STRAS, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Darryl Bagley appeals the district court's[1] order dismissing his pro se action against the Department of Veterans Affairs (VA) for lack of subject matter

---

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

jurisdiction. We agree with the district court that it lacked jurisdiction to consider Bagley's claims seeking review of his prior VA benefits decisions, because review of such decisions lies exclusively with other courts. See Newcombe v. United States, 933 F.3d 915, 917 (8th Cir. 2019) (VA benefits determinations are reviewed under separate appeals process by Board of Veterans' Appeals, then Court of Appeals for Veterans Claims, then United States Court of Appeals for the Federal Circuit, and ultimately Supreme Court; district court does not have jurisdiction over any claim that would require it to review VA benefits determination); In re Russell, 155 F.3d 1012, 1013 (8th Cir. 1998) (per curiam) (United States has not waived its sovereign immunity as to review of VA procedures by any court other than Court of Veterans Appeals, Federal Circuit, and Supreme Court). We also find that the district court did not abuse its discretion in denying Bagley's motions for default judgment, as the VA timely answered his complaint by filing its motion to dismiss within 60 days of service. See Doe v. Fort Zumwalt R-II Sch. Dist., 920 F.3d 1184, 1191 (8th Cir. 2019) (standard of review; no abuse of discretion in denying plaintiff's motion for default judgment against defendant who timely filed responsive pleading).

Accordingly, we affirm, but we clarify that the dismissal was without prejudice. See 8th Cir. R. 47B; cf. Hart v. United States, 630 F.3d 1085, 1091 (8th Cir. 2011) (modifying dismissal based on sovereign immunity to be without prejudice).

_____